■ In the Matter of GEORGE RIVERA, Petitioner, v THOMAS COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents. [620 NYS2d 505] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

In this CPLR article 78 proceeding, petitioner seeks annulment of a determination which, at the conclusion of a tier III hearing, found him guilty of violating a prison rule which prohibits inmates from providing legal assistance without authorization. The misbehavior report served on petitioner contains a correction officer's first-hand statement that petitioner, while working in the prison's law library, wrote an

---

unsolicited, unauthorized letter to the FBI requesting assistance on behalf of another inmate.

The correction officer who authored the misbehavior report and the inmate on whose behalf the letter was written both testified at the hearing. The correction officer testified that he had given petitioner permission to type the other inmate's administrative appeal but had not authorized the preparation and mailing of the letter to the FBI. The inmate testified that he had no knowledge that petitioner was sending the letter to the FBI on his behalf. This testimony supplies substantial evidence for the finding of a violation of the rule which prohibits inmates from providing legal assistance without authorization. In defense, petitioner relied on a directive which permits inmate law clerks to provide legal assistance to other inmates. This reliance is misplaced for the directive provides that the approval of the law librarian administrator or Superintendent must be obtained when such assistance is being provided. Without such approval, the assistance is unauthorized. Petitioner's claim is meritless and the determination should be confirmed.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.