■ In the Matter of STEVEN DICKMAN, Petitioner, v GLENN GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [666 NYS2d 287] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While an inmate at Fishkill Correctional Facility in Dutchess County, petitioner worked in the law library as an inmate law clerk. An investigation undertaken by prison officials revealed that petitioner was having other inmates execute powers of attorney designating Gator Development Corporation (hereinafter Gator), a corporation in which he was a principal, as their

legal representative with respect to claims against insurance companies. Petitioner corresponded with these companies on the inmates' behalf, received compensation for his services and channeled his activities through correspondence with an outside third party. Following a prison disciplinary hearing, petitioner was found guilty of solicitation, unauthorized legal assistance, violating facility correspondence procedures and keeping property in an unauthorized area. After reduction of the penalty imposed, the determination was upheld on administrative appeal. This proceeding followed.

Initially, we reject petitioner's claim that the determination is not supported by substantial evidence. The misbehavior report, authored by the correction officer and the law library administrator who were personally involved in the investigation, detailed petitioner's involvement with Gator, including his activities in obtaining money from other inmates in exchange for providing legal services, and that legal work belonging to another inmate was found in petitioner's cell. The authors of the report testified regarding its contents. Furthermore, documentary evidence recovered during a search of petitioner's law library office, some of which was confidential, substantiated the allegations against him. Although petitioner denied the charges and his inmate witnesses testified that petitioner never requested money from them in exchange for legal services, this proof merely presented a question of credibility for the Hearing Officer to resolve (*see, Matter of Thornhill v Selsky*, 241 AD2d 631; *Matter of Devodier v Selsky*, 241 AD2d 737).

Next, contrary to petitioner's claims, we conclude that he was not denied due process by the Hearing Officer's refusal to provide him access to certain confidential documentation retrieved during the search of his law library office. Notably, the Hearing Officer determined, after reviewing the confiscated documents, that three of the documents were not confidential and disclosed them to petitioner. As to the remaining documents, however, the Hearing Officer advised petitioner that he would not disclose them because to do so "would pose a threat to the safety and the security of the facility as well as the ongoing investigation in this case". Based upon our own review of the documents, we conclude that the Hearing Officer complied with the rules for acceptance of confidential information (*see, Matter of Breland v Senkowski*, 168 AD2d 751, 752; *cf., Matter of Hillard v Coughlin*, 187 AD2d 136, 139, *lv denied* 82 NY2d 651; *Matter of Boyd v Coughlin*, 105 AD2d 532).

We have considered petitioner's remaining contentions,

including his challenge to the penalty imposed, and find them either lacking in merit or unpreserved for our review.

Mercure, White, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.