■ In the Matter of JOHN HENDRIX, Petitioner, v MELVIN WILLIAMS, as Superintendent of Gowanda Correctional Facility, et al., Respondents. [684 NYS2d 730] —Determination unanimously annulled on the law without costs and petition granted in accordance with the following Memorandum: The determination that petitioner violated inmate rule 180.11 (7 NYCRR 270.2 [B] [26] [ii]) is not supported by substantial evidence. Petitioner's receipt of correspondence from another inmate's aunt does not violate any of the policies and procedures governing the inmate correspondence program (*see,* 7 NYCRR part 720; *cf., Matter of Montgomery v Jones,* 88 AD2d 1003). Substantial evidence is also lacking to support the determination that petitioner violated inmate rule 180.17 (7 NYCRR 270.2 [B] [26] [vii]). Petitioner's possession of legal documents belonging to another inmate, without more, does not establish that petitioner provided unauthorized legal assistance to another inmate (*cf., Matter of Tate v Senkowski,* 215 AD2d 903, 904, *lv denied* 86 NY2d 708; *Matter of Rivera v Coughlin,* 210 AD2d 543, 544). We therefore grant the petition, annul the determination and direct that all references thereto be expunged from petitioner's institutional record. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie

County, Burns, J.) Present—Green, J. P., Wisner, Hayes, Balio and Fallon, JJ.