■ In the Matter of JAMES E. CLIFF, Petitioner, v J. TEDFORD, as Designated Tier II Reviewer of Clinton Correctional Facility, et al., Respondents. [694 NYS2d 182] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Superintendent of Clinton Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County, was charged with violating prison rule 180.17 (7 NYCRR 270.2 [B] [26] [vii]) after a search of his cell produced legal papers pertaining to eight other inmates. This rule provides: "No inmate may provide legal assistance to another inmate without prior approval of the superintendent or designee. Inmates shall not receive any form of compensation for providing legal assistance" (7 NYCRR 270.2 [B] [26] [vii]). Following a hearing, petitioner was found guilty as charged. We agree with petitioner's contention that the determination is not supported by substantial evidence.

At the hearing, the Law Library Supervisor (hereinafter the Supervisor) testified that petitioner had permission to remove from the law library only six of the eight legal files found in his cell.* No evidence was offered by the Supervisor or any other witness, however, that petitioner did not have authority to provide legal assistance to any of these eight inmates.

To the contrary, petitioner testified that he had been assisting all eight inmates "for some months" and recorded this assistance on a weekly log sheet. Significantly, the Hearing Officer stated on the record that he "believed" petitioner's

---

* In order to remove the legal work of another inmate from the law library to a cell, an inmate is apparently required to complete a blue assistance slip.

testimony in this regard. The Supervisor confirmed that inmates offering legal assistance to others must complete a weekly log sheet, which he checked on a monthly basis in order to "report to Albany". It was established at the hearing that there is a distinction between whether an inmate has permission to provide legal assistance for another (7 NYCRR 270.2 [B] [26] [vii]) and whether an inmate has completed a "blue assistance list * * * for actually carrying the work back to [his or her] cell". That petitioner may have violated a rule prohibiting removal of a file from the law library without completing the proper form is not, without more, proof that he was unauthorized to give legal assistance under prison rule 180.17 as charged (*see, Matter of Hendrix v Williams*, 256 AD2d 1117; *cf., Matter of Spaight v Goord*, 258 AD2d 935, *lv denied* 93 NY2d 807; *Matter of Dickman v Goord*, 244 AD2d 825; *Matter of Morris v O'Keefe*, 240 AD2d 994; *Matter of Rivera v Coughlin*, 210 AD2d 543).

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondents are directed to expunge all references to this matter from petitioner's institutional record.

