In the Matter of JABBAR COLLINS, Appellant, v KENNETH PEARLMAN et al., Respondents. [756 NYS2d 582] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent First Deputy Superintendent of Green Haven Correctional Facility, dated March 1, 2001, which affirmed a determination of a Hearing Officer, dated February 23, 2001, made after a Tier II disciplinary hearing, finding the petitioner guilty of violating institutional rules, and imposing a penalty.

Adjudged that the petition is granted, without costs or disbursements, the determination is annulled, the charges are dismissed, and the respondents are directed to expunge all references to the charges and the proceeding from the petitioner's files and to restore the petitioner to pre-hearing status.

The petitioner, an inmate at Green Haven Correctional Facility (hereinafter Green Haven), who worked in the law library as a paralegal, was charged in a misbehavior report with violating prison disciplinary rules that require inmates to comply with the facility correspondence procedures (*see* 7 NYCRR 270.2 [B] [26] [ii]) and prohibit unauthorized legal assistance to other inmates (*see* 7 NYCRR 270.2 [B] [26] [vii]). According to the misbehavior report, which was authored by the law library supervisor and endorsed by the facility mail clerk, a package addressed to the petitioner containing legal documents belonging to an inmate at another facility was intercepted by the mail clerk. The return address on the package belonged to an unidentified third party. At the Tier II disciplinary hearing, the petitioner, the only witness to testify, denied the charges and maintained that, although he had provided authorized legal assistance to the inmate while the inmate was housed at

Green Haven, he had lost contact with the inmate after the inmate was transferred out. Neither the package nor its contents were introduced into evidence at the hearing. Nevertheless, the Hearing Officer found the petitioner guilty of the charged misconduct and imposed a penalty of 30 days keeplock and 30 days loss of certain privileges. After the determination was confirmed on the petitioner's administrative appeal, the petitioner commenced this CPLR article 78 proceeding contending that the determination was not supported by substantial evidence. We agree.

In reviewing a prison disciplinary determination, the court's inquiry is limited to deciding whether the determination was supported by substantial evidence (*see Matter of Bryant v Coughlin,* 77 NY2d 642, 647; *People ex rel. Vega v Smith,* 66 NY2d 130, 139; *Matter of Glover v Goord,* 262 AD2d 483). Although a written misbehavior report by itself can constitute substantial evidence of an inmate's misconduct, it must be "sufficiently relevant and probative" to constitute substantial evidence (*Matter of Foster v Coughlin,* 76 NY2d 964, 966, quoting *Matter of Perez v Wilmot,* 67 NY2d 615, 616-617). Here, the charges against the petitioner were not supported by substantial evidence (*see Matter of Bryant v Coughlin, supra; Matter of Hendrix v Williams,* 256 AD2d 1117; *cf. Matter of Dickman v Goord,* 244 AD2d 825). Krausman, J.P., Friedmann, Mastro and Rivera, JJ., concur.