■ In the Matter of KEVIN BARTLEY, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [757 NYS2d 380] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting possession of authorized material in unauthorized areas and misuse of state property. As set forth in the misbehavior report, petitioner worked in the facility's volunteer services office where he had access to the computers. A security check disclosed a computer disk containing personal material that included petitioner's resume, a photograph of two unidentified individuals, computer games and personal letters, two of which bore petitioner's name. At his disciplinary hearing, petitioner admitted that the resume and the two letters containing his name were his, testifying that he had written them with the knowledge and permission of his supervisor, a correction counselor, but he disavowed any knowledge of the remaining material. The correction counselor, called as a witness by petitioner, confirmed this contention, testifying that he had authorized petitioner's use of the computer for personal work, including the preparation of his resume and the two letters bearing petitioner's name. The correction counselor explained that, at the time, he was not aware that petitioner's use of the computer in this manner violated prison disciplinary rules.

The determination of petitioner's guilt is not supported by substantial evidence and it is, accordingly, annulled. It is uncontested that three of the personal items on the disk were generated by petitioner; however, they were created with the permission of and, in the case of his resume, under the direct supervision of the correction counselor who was in charge of the office. Having obtained his supervisor's authorization for the preparation of the material in question, petitioner cannot fairly be found guilty of unauthorized conduct or misuse of state property. No other evidence was presented linking petitioner to the remaining five personal items on the disk. Inasmuch as the disk was found in a common area, the fact that three of the items on the disk belong to petitioner is insufficient, standing alone, to support the conclusion that all the files on the disk were created by petitioner. In view of the lack of substantial evidence supporting the determination under review, it must be annulled (*see Matter of Henriquez v Goord,*

293 AD2d 857, 858 [2002]; *see also Matter of Collins v Pearl-man*, 302 AD2d 382 [2003]; *Matter of Hendrix v Williams*, 256 AD2d 1117 [1998]).

Mercure, J.P., Spain, Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and respondent is directed to expunge all references to this matter from petitioner's institutional record.