■ In the Matter of CALVIN DALLAS, Petitioner, v MICHAEL J. BINTZ, as Superintendent of Gouverneur Correctional Facility, et al., Respondents. [763 NYS2d 358] —Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting solicitation, possession of contraband, smuggling, stealing state property, violating facility correspondence procedures and providing legal assistance to other inmates for compensation. The charges were filed after a search of petitioner's cube disclosed correspondence and additional documentary evidence indicating that he had been performing unauthorized legal work for at least one other inmate for which

he was being compensated by the inmate's family. Also found in petitioner's cube were 55 audio cassettes (the maximum number permitted is 25) and a typewriter ribbon of the same brand as that used in the law library typewriters.

Included in the evidence presented at the disciplinary hearing were the misbehavior report, the proscribed items confiscated from petitioner's cube, and letters to petitioner from the inmate's family members asking him to expedite the inmate's legal work, questioning the monetary value thereof and inquiring as to whether petitioner had received the packages of food and cigarettes they had sent him. Additional evidence was provided by petitioner's own testimony wherein he admitted that he had been assisting an inmate with legal work, had received packages from the inmate's brother and anticipated receiving a pair of athletic shoes from the inmate's mother. We find this sufficient to constitute substantial evidence of petitioner's guilt of the charges of solicitation, violating correspondence procedures and providing legal assistance for compensation (*see Matter of Martin v Goord,* 252 AD2d 720, 721 [1998]; *Matter of La Bounty v Goord,* 245 AD2d 675, 676 [1997], *appeal dismissed* 91 NY2d 1002 [1998]).

Audio cassettes seized from petitioner's cube were admitted into evidence and petitioner admitted possession thereof in excess of the amount permitted, substantiating the violation of the contraband rule (*see Matter of Berta v Bennett,* 246 AD2d 932 [1998]). His claim that he was unaware of the maximum number of tapes allowed is unavailing, as he acknowledged receiving and reading a copy of the manual on standards of inmate behavior (*see* Correction Law § 138 [2], [5]; *see also Matter of Smith v Coughlin,* 183 AD2d 1008 [1992]).

We find that so much of the determination as found petitioner guilty of stealing state property and smuggling was not supported by substantial evidence (*see Matter of Bartley v New York State Dept. of Correctional Servs.,* 304 AD2d 933 [2003]). Although a typewriter ribbon of the same type as that used in the facility's law library was found in petitioner's cube, the misbehavior report stated that it "appears to have been stolen from the law library," without any basis for this allegation. Petitioner called the correction officer in charge of the library, who testified that he was not aware of anything missing from the library and that such ribbons are kept in a locked cabinet. Petitioner testified that he brought the ribbon with him when he was transferred to the facility. We conclude that substantial evidence does not support the finding that petitioner is guilty of stealing state property. In addition, nothing in the record

indicates that petitioner is guilty of smuggling. While it appears that the allegations refer to the presence of other inmates' legal documents in petitioner's cube, the contraband receipt was unclear as to what contraband items were found in his cube and what contraband was seized from his desk in the law library. As petitioner was authorized through his work as a clerk in the law library to possess legal documents in the library and as petitioner testified that the documents were not kept in his cube, substantial evidence does not support that part of the determination finding petitioner guilty of smuggling.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of smuggling and stealing state property and as imposed a penalty; petition granted to that extent, respondent Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record and matter remitted for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.