■ In the Matter of JEFFREY B. LA TOUR, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES CENTRAL OFFICE REVIEW COMMITTEE et al., Respondents. [772 NYS2d 887]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations which found petitioner guilty of violating certain prison disciplinary rules and denied his grievance.

Petitioner, an inmate assigned to work as a teacher's aide in a computer classroom, was the subject of a misbehavior report charging him with violating prison disciplinary rules prohibiting inmates from disobeying a direct order and misusing state property. These charges stem from petitioner's use of a computer in that classroom to compose and print unauthorized personal documents after having been told by the instructor that inmates were not permitted to use classroom computers for personal matters.* At the ensuing disciplinary hearing, petitioner pleaded guilty to disobeying a direct order and admitted that he had used the classroom computer for his personal use. However, he disputed that his use of this computer constituted misuse of state property since there is no specific written regulation prohibiting inmates from using classroom computers.

First, petitioner's plea of guilty to disobeying a direct order precludes our review of his assertion that the determination of guilt on this charge is not supported by substantial evidence

---

* The record reveals that inmates have access to other computers for personal use.

(*see Matter of Matos v Goord,* 271 AD2d 767 [2000]). As to petitioner's argument that the determination of guilt on the charge of misuse of state property was not based upon substantial evidence, we disagree. Such evidence exists in the form of the misbehavior report, which included copies of the unauthorized printed material, as well as the hearing testimony which included petitioner's admission that he had used the classroom computer for personal purposes (*see Matter of Dallas v Bintz,* 307 AD2d 561 [2003]).

Finally, petitioner's challenge to an administrative decision denying a grievance in which he claimed that his removal from a treatment program was in retaliation for pursuing certain legal claims was rendered moot by his release from prison (*see Matter of McKeown v Goord,* 284 AD2d 622 [2001]). His remaining arguments, to the extent preserved, lack merit.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.