■ In the Matter of CHRIS HYNES, Petitioner, v ROY GIRDICH, as Superintendent of Upstate Correctional Facility, et al., Respondents. [781 NYS2d 710]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following petitioner's transfer from another correctional facility, correction officers confiscated certain documentation that was discovered while unpacking petitioner's belongings. Petitioner thereafter was charged in a misbehavior report with violating prison disciplinary rules prohibiting inmates from providing legal assistance without approval and possessing other inmates' crime and sentencing information. Petitioner was found guilty of both charges following a tier III disciplinary hearing, and the determination was upheld upon administrative appeal. This CPLR article 78 proceeding to challenge the underlying determination ensued.

Initially, we agree with petitioner that substantial evidence does not support the determination of guilt with respect to the charge of providing legal assistance without approval. The only

proof of such charge was the misbehavior report and testimony of the law library supervisor, which indicated that petitioner was in possession of legal papers involving other inmates. This, without more, does not establish that petitioner provided unauthorized legal assistance to such inmates (*see Matter of Hendrix v Williams*, 256 AD2d 1117 [1998]). However, the confiscated documentation, which is included in the record, does substantiate the remaining charge insofar as it contains crime and sentencing information pertaining to another inmate. Although the determination must be modified, remittal for a redetermination of the penalty is not required inasmuch as there was no recommended loss of good time and petitioner already has served the penalty (*see Matter of Zhang v Murphy*, 1 AD3d 784 [2003]; *Matter of Michaelides v Goord*, 300 AD2d 718, 719 [2002]). In view of our disposition, we need not address petitioner's remaining claim.

Cardona, P.J., Crew III, Peters, Carpinello and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of providing legal assistance without approval; petition granted to that extent and respondent Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.