■ In the Matter of ROBERT O'CONNOR, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [804 NYS2d 503]—

---

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

During a search of petitioner's cell, a correction officer discovered stationery with a heading referencing homeland security including captions and pictures, which petitioner had apparently received through the mail and copied on the law library copier, as well as documentation containing information concerning the criminal records of two other inmates incarcerated at the same facility. As a result, petitioner was charged in a misbehavior report with possessing the crime and sentence information of other inmates and misusing state property. He was found guilty of both charges following a tier III disciplinary hearing and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

Based upon our review of the record, the determination must be confirmed. Petitioner testified that after receiving a threatening letter, he reported it to correction officials out of concern for his safety. He stated that he was having problems with two inmates in the facility and suspected that one of them may have authored the letter. He indicated that he obtained the identification number of both inmates and contacted his attorney who supplied him with information concerning the criminal records of these inmates, which he reduced to writing and maintained in his cell. As it turns out, the information pertaining to one of the inmates was inaccurate as he had provided his attorney with the wrong identification information. Nevertheless, petitioner admitted to possessing prohibited documentation. In addition, the correction officer who authored the misbehavior report and interviewed petitioner following the search stated that petitioner told him he had used the law library copier to make copies of the stationery, which he was not authorized to do. The misbehavior report, together with the foregoing testimony and documentation confiscated from petitioner's cell, constitute substantial evidence supporting the determination of guilt (*see Matter of La Tour v New York State Dept. of Correctional Servs. Cent. Off. Review Comm.*, 5 AD3d 890, 891 [2004]; *Matter of Tyler v Goord*, 278 AD2d 719, 719-720 [2000]). Consequently, we decline to disturb it.

Cardona, P.J., Crew III, Peters, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.