■ In the Matter of TERRY DAUM, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [810 NYS2d 256]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following an incident in which an inmate was assaulted in the mess hall, petitioner was removed from the area in order to be pat frisked. When petitioner failed to cooperate, he was placed in mechanical restraints and force was used to complete the frisk. A razor-type weapon and packets of a substance, which tested positive for marihuana, were recovered from petitioner's underwear. He was thereafter charged in a misbehavior report with possessing a weapon, smuggling, engaging in violent conduct, possessing a controlled substance and violating search and frisk procedures. After a tier III disciplinary hearing, petitioner was found guilty of all charges, except for engaging in violent conduct. The determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

Initially, we agree with respondent that the charge of smuggling is not supported by the evidence in the record and that

the administrative determination should be modified accordingly with all references thereto expunged from petitioner's institutional record. As no recommended loss of good time was imposed, it is unnecessary to remit the matter to respondent for a redetermination of the penalty (*see Matter of Hynes v Girdich*, 10 AD3d 747, 748 [2004], *lv dismissed* 4 NY3d 861 [2005]). As for the remaining charges, the misbehavior report, together with the documentation presented at the hearing, provide substantial evidence supporting the determination of guilt (*see Matter of Nieves v Goord*, 2 AD3d 1173, 1174 [2003]). Moreover, we find no merit to petitioner's claim that the hearing was not commenced in a timely manner as there was some confusion over petitioner's selection of an assistant and the hearing was delayed and an extension obtained to enable petitioner to confer with one (*see Matter of Berry v Portuondo*, 6 AD3d 848, 849 [2004]). We have considered petitioner's remaining contentions, including his claim that he was deprived of a fair hearing by the Hearing Officer's failure to dismiss the charges on procedural grounds, and find them to be unavailing.

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of smuggling; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.