■ In the Matter of VINICIO DEOLEO, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [814 NYS2d 798]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner worked as a prison law library clerk until May 2004 when he was removed from this position due to a disciplinary matter. Thereafter, he was directed to delete all materials from his computer disks that had not been authorized by the deputy superintendent of programs. During a random search of inmate computer disks, a correction officer discovered certain documentation of a legal nature on the disks belonging to petitioner. Specifically, there was an August 7, 2004 letter from

an inmate named "Alfrodo [*sic*] Nuesi" to the Commissioner of Correctional Services inquiring about the requirements for participating in the Residential Substance Abuse Treatment (RSAT) program. There was also a September 3, 2002 letter from an unknown inmate to the Governor inquiring about executive clemency. Lastly, there was an "Affidavit in Opposition to District Attorney's Motion to Reargue" and related documentation by an inmate named Ramon Duran. As a result of the foregoing, petitioner was charged in a misbehavior report with refusing a direct order, possessing documents containing the crime and sentence information of another inmate and providing unauthorized legal assistance. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, upon reviewing the record, we agree with the Attorney General that substantial evidence does not support the determination finding petitioner guilty of providing unauthorized legal assistance. The clemency letter and Duran affidavit are dated prior to petitioner's removal from his job as a law clerk and do not establish that he was performing unauthorized legal work after this time. Although the August 2004 letter was evidently drafted when petitioner was no longer a law clerk, it merely seeks clarification on the requirements of the RSAT program and does not, in our view, amount to the performance of legal work. Without more, the foregoing documents do not provide a sufficient basis upon which to find petitioner guilty of providing unauthorized legal assistance and the determination must be annulled to that extent (*compare Matter of Dickman v Goord*, 244 AD2d 825, 826 [1997]).

Likewise, the record does not contain substantial evidence to support that part of the determination finding petitioner guilty of possessing documentation containing the crime and sentence information of another inmate. The August 2004 letter is completely lacking such information and, while the clemency letter does reference this information, it does not identify the inmate involved (*compare Matter of O'Connor v Selsky*, 24 AD3d 841 [2005]). Although the Duran affidavit also contains this information, petitioner's possession of it was permissible insofar as Duran was a codefendant (*see* 7 NYCRR 270.2 [B] [14] [xvii]). Accordingly, we find that that part of the determination must also be annulled. As for the charge of refusing a direct order, we find that it is supported by substantial evidence consisting of the misbehavior report and testimony of its author, which indicate that petitioner failed to delete unauthorized materials

from his computer disks after he was directed to do so (*see Matter of Gee v Goord*, 21 AD3d 636, 637 [2005]). Notwithstanding our annulment of two of the charges, the matter need not be remitted to the Commissioner for a reassessment of the penalty on the remaining charge insofar as no loss of good time was imposed and petitioner has already served the penalty (*see Matter of Fletcher v Goord*, 16 AD3d 731, 732-733 [2005]). Petitioner's remaining claims have not been preserved for our review.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of providing unauthorized legal assistance and possessing documentation containing the crime and sentence information of anther inmate; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.