In the Matter of ROBERT RODRIGUEZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [836 NYS2d 730]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred

to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Eastern Correctional Facility in Ulster County assigned to work as a clerk in the prison's law library, was charged in a misbehavior report with providing unauthorized legal assistance to another inmate following the discovery by a correction officer of files pertaining to that inmate's legal affairs in petitioner's work area. Subsequent to a disciplinary hearing, he was found guilty of the charge. That determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Petitioner initially contends that this proceeding was improperly transferred from Supreme Court. However, his petition clearly challenges the existence of "substantial evidence" to support the determination (see CPLR 7803 [4]) and, thus, we disagree. On the merits, petitioner's own testimony during the administrative hearing, as well as that of the assisted inmate, belies his contention that he was simply assisting an inmate in conformance with prison directives relevant to his duties as a law library clerk. Indeed, both petitioner and the assisted inmate conceded that petitioner was in possession of the legal files for over three days, without any request for authorization or having been assigned the files by a library officer, for the purpose of explaining to the inmate what actions he could or should take. Such testimony, combined with the misbehavior report, constitutes substantial evidence supporting the determination finding him guilty of providing unauthorized legal assistance to another inmate (see Matter of Lopez v Healy, 39 AD3d 978 [2007]; Matter of Lee v Goord, 36 AD3d 1176, 1177 [2007]).

Petitioner's remaining contentions, to the extent that they are preserved for our review, have been examined and determined to be without merit.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.