■ In the Matter of CHARLES McALLISTER, Petitioner, v BRIAN S. FISCHER, as Commissioner of Correctional Services, Respondents. [858 NYS2d 803]—

Malone Jr., J. Proceeding pursuant to CPLR article 78

(transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with providing unauthorized legal assistance and lying. A tier III disciplinary hearing ensued, at the conclusion of which petitioner was found guilty of all charges and a penalty of 30 days of confinement in the special housing unit was imposed. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination.

Contrary to petitioner's assertion, there is no requirement that the misbehavior report be prepared the same day of the incident; all that is required is that the report be prepared "as soon as practicable" (7 NYCRR 251-3.1 [a]; *see Matter of Greene v Coombe*, 242 AD2d 796, 797 [1997], *lv denied* 91 NY2d 803 [1997]). As the underlying incident occurred on November 3, 2006 and the misbehavior report was prepared on November 5, 2006 and served upon petitioner the following day, that standard plainly was met here. As to the timeliness of the disciplinary hearing, although it was not completed within 14 days, a proper extension was granted and, in any event, "the regulatory time limits are directory, not mandatory" (*Matter of Chaney v Selsky*, 37 AD3d 983, 984 [2007] [internal quotation marks and citations omitted]).

Turning to the merits, we agree with petitioner that there is insufficient evidence to support the finding that he provided unauthorized legal assistance. Petitioner testified without contradiction that he was authorized to provide legal assistance for a particular inmate. While petitioner indeed may have been in violation of another prison disciplinary rule by possessing that inmate's legal papers outside the confines of the facility's law library, this Court previously has held that mere possession of another inmate's legal papers, without more, is insufficient to establish that a petitioner engaged in unauthorized legal assistance (*see Matter of Hynes v Girdich*, 10 AD3d 747, 747-748 [2004], *lv dismissed* 4 NY3d 861 [2005]; *Matter of Cliff v Tedford*, 262 AD2d 724, 724-725 [1999]; *Matter of Hendrix v Williams*, 256 AD2d 1117 [1998]; *compare Matter of Rodriguez v Goord*, 40 AD3d 1324, 1325 [2007]). Accordingly, that portion of respondent's determination is annulled. We reach a similar conclusion regarding the determination that petitioner provided false and/or misleading information, as our review of the record fails to disclose sufficient proof to sustain that charge (*compare*

*Matter of Royster v Goord*, 26 AD3d 503, 504 [2006]). Inasmuch as petitioner has served his administrative penalty and there was no recommended loss of good time, there is no need to remit this matter for a redetermination of the penalty (*see Matter of Johnson v Selsky*, 2 AD3d 958, 959 [2003]).

Petitioner's remaining contentions, including his assertion that the Hearing Officer was biased, have been examined and found to be lacking in merit.

Cardona, P.J., Carpinello, Rose and Stein, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted to that extent and respondent is directed to expunge all references to this matter from petitioner's institutional record.