■ In the Matter of QUINCY WADE, Petitioner, v DALE ARTUS, as Superintendent of Clinton Correctional Facility, et al., Respondents. [873 NYS2d 754]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner

of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

A correction officer searched the light fixture in petitioner's prison cell and recovered a sharpened metal rod with a handle and lanyard. As a result, petitioner was charged in a misbehavior report with possession of a weapon. Following a tier III disciplinary hearing, petitioner was found guilty as charged. Petitioner thereafter exhausted his administrative remedies and commenced this CPLR article 78 proceeding seeking annulment.

We confirm. The misbehavior report, together with the related documentation, statements made by petitioner and hearing testimony from the correction officer who authored the report, comprise substantial evidence to support the determination of guilt (*see Matter of Martinez v Selsky*, 53 AD3d 989, 989 [2008]). To the extent that petitioner asserted that the weapon must have already been in the light fixture at the time that he moved into the cell, a credibility issue was created for resolution by the Hearing Officer (*see Matter of Ubaldo v Leclaire*, 46 AD3d 975, 975 [2007]). We have reviewed petitioner's remaining claims, including his contention that he was denied the right to present witness testimony, and discern no basis for disturbing the determination in issue.

Peters, J.P., Spain, Lahtinen, Kane and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.