■ In the Matter of RONNIE COVINGTON, Petitioner, v JOSEPH T. SMITH, as Superintendent of Shawangunk Correctional Facility, Respondent. [884 NYS2d 781]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following an anonymous tip, petitioner was observed receiving medication in the prison infirmary, putting it in his mouth and, after pretending to swallow it, spitting it back out and secreting it in the cuff of his pants. Petitioner was, thereafter, served with a misbehavior report and, following a tier II

disciplinary proceeding, was found guilty of the unauthorized possession of medication, smuggling and refusing a direct order. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to challenge the determination of his guilt.

Initially, we agree with respondent that the charge of refusing a direct order is not supported by the record and that the administrative determination should be modified accordingly with all references thereto expunged from petitioner's institutional record (*see Matter of Daum v Goord*, 27 AD3d 858, 858-859 [2006]). Because no loss of good time was imposed, we need not remit the matter to redetermine the penalty (*see id.*).

The misbehavior report, along with the testimony from the correction officer who authored the report and petitioner's admission that he was taking the medication back to his cell, constitute substantial evidence to support the determination of guilt with respect to the remaining charges (*see Matter of Wade v Artus*, 59 AD3d 793, 794 [2009], *appeal dismissed* 12 NY3d 872 [2009]; *Matter of Hodge v Selsky*, 53 AD3d 953, 954 [2008]). Inasmuch as the determination of guilt resulted from the observation of petitioner's activities, rather than information contained in the anonymous note, we reject the contention that the Hearing Officer erred in foreclosing the questioning of its author or other witnesses about its contents (*see Matter of Parrilla v Selsky*, 32 AD3d 1086, 1087 [2006], *lv denied* 8 NY3d 803 [2007]).* Additionally, the record reveals that the hearing was conducted in a fair and impartial manner and there is no evidence that the determination was a result of any alleged bias (*see Matter of Chavis v Goord*, 58 AD3d 954, 955 [2009]; *Matter of Moss v Goord*, 36 AD3d 977, 978 [2007]).

We have examined petitioner's remaining contentions and find them to be unpreserved or without merit.

Mercure, J.P., Spain, Lahtinen, Stein and Garry, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.

---

* Insofar as petitioner attempts to challenge the denial of his Freedom of Information Law request (*see* Public Officers Law § 87 [2] [f]), such challenge is foreclosed by his failure to timely appeal Supreme Court's judgment sustaining respondent's denial in a separate CPLR article 78 proceeding.