██ In the Matter of ROBERT ROHS, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [901 NYS2d 731]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate who is deaf and blind in one eye, was being escorted into the mess hall when he was given an order by a correction officer to tuck in his shirt. Petitioner argued that the regulations did not require him to do so, but finally complied with the order. Because of the confrontation, however, other inmates were unable to proceed into the mess hall. As a result, petitioner was served with a misbehavior report charging him with creating a disturbance, refusing a direct order and interfering with an employee. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. The determination of guilt was upheld on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report and the testimony of the correction officer who authored it, petitioner's inmate witness and petitioner's own testimony provide substantial evidence to support the determination (*see Matter of Covington v Smith*, 63 AD3d 1453, 1454 [2009], *lv denied* 13 NY3d 709 [2009]; *Matter of Wade v Artus*, 59 AD3d 793, 794 [2009], *appeal dismissed* 12 NY3d 872 [2009]). Despite petitioner's contention that he had difficulty communicating with the correction officer, both he and his inmate witness testified that petitioner understood the request to tuck in his shirt and initially refused to do so because he believed it was not required. To the extent that petitioner's version of events may have differed in other respects from that of the correction officer who authored the report, that raised a credibility issue to be resolved by the Hearing Officer (*see Matter of Jones v Fischer*, 69 AD3d 1065, 1066 [2010]; *Matter of McLaughlin v Fischer*, 69 AD3d 1071, 1072 [2010]). Finally, although petitioner contends that the order was not communicated to him in a manner that he was able to understand, as required by Department of Correctional Services Directive No. 2612, the record shows that petitioner's inmate escort knew sign language and was able to communicate the order to petitioner.

Peters, J.P., Rose, Malone Jr., McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.