■ In the Matter of SHAWN GREEN, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. (And Another Related Proceeding.) [908 NYS2d 757]—

(1) Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered November 18, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievance, and (2) proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, filed a grievance seeking to modify restrictions on personal property found in Department of Correctional Services Directive No. 4913. Ultimately, the Central Office Review Committee (hereinafter CORC) denied petitioner's grievance, after which he commenced a CPLR article 78 proceeding. Supreme Court dismissed the petition, and petitioner now appeals. Additionally, petitioner filed a supplemental petition to challenge a prison disciplinary determination finding him guilty, following a tier III disciplinary hearing, of possessing an unauthorized item, making threats and causing a disturbance. Inasmuch as petitioner raised a question of substantial evidence in his supplemental petition, Supreme Court transferred that matter to this Court for review.

· Initially, with regard to petitioner's grievance, we find that he has failed to demonstrate that CORC's denial was irrational or arbitrary and capricious (*see Matter of Green v Bradt*, 69 AD3d 1269, 1270 [2010], *lv denied* 14 NY3d 710 [2010]; *Matter of Clark v Fischer*, 58 AD3d 932, 932 [2009]). Petitioner challenges the October 2008 change in policy, reflected in Directive No. 4913, that limits the amount of inmate personal property to that which will fit in four standard fabric "draft bags," making the conclusory assertion that the new rule would somehow limit inmates' access to the courts. However, inasmuch as respondent issued a memorandum contemporaneous to the policy change explaining that it was necessary to address, among other things, fire and safety hazards, sanitation and hygiene issues and the escalating cost of storage areas, we find CORC's denial of petitioner's grievance to be rational.

Turning to petitioner's challenge to the disciplinary determination, we find that the detailed misbehavior report, supported by the hearing testimony of a correction officer present at the scene, provide substantial evidence to support the finding of his guilt (*see Matter of Sital v Fischer*, 73 AD3d 1348, 1349 [2010]; *Matter of West v Fischer*, 73 AD3d 1301, 1301 [2010]). Petitioner's differing version of events presented a credibility issue properly resolved by the Hearing Officer (*see Matter of Rohs v Fischer*, 73 AD3d 1256 [2010]). Contrary to petitioner's contention that he was deprived of the right to call witnesses, the record demonstrates that he specifically declined to call additional witnesses when given the opportunity (*see Matter of Wilson v Artus*, 71 AD3d 1294, 1295 [2010]). Finally, we find that the determination of guilt was a result of the evidence presented, rather than any alleged hearing officer bias (*see Matter of Key v Fischer*, 72 AD3d 1365, 1366 [2010]).

We have examined petitioner's remaining contentions and find them to be unpreserved by his failure to raise them at the hearing or without merit.

Cardona, P.J.; Peters, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs. Adjudged that the determination is confirmed, without costs, and petition dismissed. **[Prior Case History: 2009 NY Slip Op 32728(U).]**