■ In the Matter of CHRISTOPHER HYNES, Petitioner, v DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [59 NYS3d 917]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

While in the facility's law library, upon being asked, petitioner, an inmate, denied that he was in possession of any other inmate's legal papers. A subsequent search of petitioner's folder revealed that petitioner possessed three other inmates' legal papers, and a search of petitioner's cell yielded legal documents belonging to a fourth inmate. As a result of this incident, petitioner was charged in a misbehavior report with possession of contraband, making a false statement and providing unauthorized legal assistance. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. That determination was ultimately upheld upon administrative review with a modified penalty, and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, the hearing testimony, including the testimony from the sergeant who authored that report, and the confidential documentation submitted for in camera review provide substantial evidence to support the determination of guilt (*see Matter of Haughey v Artus*, 108 AD3d 956, 956 [2013]; *Matter of Rodriguez v Goord*, 40 AD3d 1324, 1325 [2007]; *Matter of Lopez v Healy*, 39 AD3d 978, 978 [2007]). At the hearing, petitioner admitted possessing other inmates' legal papers and presented no evidence demonstrating that he ever had permission or authorization to possess the legal papers that did not belong to him (*see Matter of Goode v Chappius*, 118 AD3d 1225, 1225 [2014]; *Matter of Hynes v Fischer*, 101 AD3d 1293, 1294 [2012]; *compare Matter of McAllister v Fischer*, 51 AD3d 1159, 1160 [2008]). Moreover, petitioner's proffered explanations for why he initially denied possession of other inmates' legal papers and the reasons he later gave for his possession of those papers created a credibility issue for the Hearing Officer to resolve (*see Matter of Lopez v Healy*, 39 AD3d at 978; *Matter of Lee v Goord*, 36 AD3d 1176, 1177 [2007]). Petitioner's remaining contentions, to the extent preserved, have been reviewed and determined to be without merit.

Peters, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.