Matter of Gomez v Venettozzi (2019 NY Slip Op 02196)





Matter of Gomez v Venettozzi


2019 NY Slip Op 02196


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

527245

[*1]In the Matter of LOUIS GOMEZ, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: February 8, 2019

Before: Garry, P.J., Egan Jr., Mulvey, Devine and Pritzker, JJ.


Louis Gomez, Ogdensburgh, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
During the course of an investigation in which confidential information was received, correction officials learned that petitioner had obtained Suboxone from a visitor to the facility and distributed it to various other inmates. As a result, he was charged in a misbehavior report with smuggling, possession of drugs and solicitation. Following a tier III disciplinary hearing, petitioner was found guilty of all the charges. Upon administrative appeal, the charge of solicitation was dismissed, but the determination was otherwise upheld. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, confidential documentation considered by the Hearing Officer in camera and the hearing testimony provide substantial evidence to support the determination of guilt (see Matter of Gulifield v Annucci, 164 AD3d 1001, 1002 [2018]; Matter of Hynes v Venettozzi, 153 AD3d 1504, 1505 [2017]). Contrary to petitioner's contention, the Hearing Officer made an independent assessment of the reliability of the confidential information (see Matter of Williams v Fischer, 18 NY3d 888, 890 [2012]; Matter of Hobson v Prack, 127 AD3d 1370, 1371 [2015]). The hearing testimony of the investigating officer and the detailed confidential material established that there were valid reasons to conclude that the identification of petitioner by multiple independent sources as being responsible for obtaining Suboxone from a facility visitor was reliable and that the sources were not motivated by a promise of an award from prison officials (see Matter of Williams v Fischer, 18 NY3d at 890; Matter of Bowen v Annucci, 142 AD3d 1216, 1216-1217 [2016]; Matter of Vicente v New York State Dept. of Corr. & Community Supervision, 107 AD3d 1203, 1203 [2013]). Petitioner's remaining claims have been considered and found to be without merit.
Garry, P.J., Egan Jr., Mulvey, Devine and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.