Matter of Rizzuto v Annucci (2022 NY Slip Op 02597)

Matter of Rizzuto v Annucci

2022 NY Slip Op 02597

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

533003
[*1]In the Matter of Alfonso Rizzuto, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:March 21, 2022

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Alfonso Rizzuto, New York City, appellant pro se.
Letitia James, Attorney General, Albany (Beezly Kiernan of counsel), for respondents.

Pritzker, J.
Appeal from a judgment of the Supreme Court (McGrath, J.), entered February 11, 2021 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review determinations denying six grievances.
Petitioner is an incarcerated person who began serving a prison term in May 2017 upon his conviction of burglary in the second degree (People v Rizzuto, 167 AD3d 531 [2018], lv denied 33 NY3d 980 [2019]). He thereafter filed 66 inmate grievances over the ensuing 13 months, many voluminous and duplicative of earlier grievances. After repeated warnings and guidance regarding the proper use of the grievance procedure (see 7 NYCRR part 701), petitioner was notified by letter dated June 18, 2018 that, due to his bad faith abuse of the grievance process, he would be permitted no more than two grievances per week; that restriction was thereafter extended several times at successive correctional facilities to which he was moved, based upon his continued misuse of the grievance process. As relevant here, petitioner filed six grievances complaining about, among other things, the grievance restrictions, which were denied by the Central Office Review Committee.[FN1] In March 2020, petitioner commenced this CPLR article 78 proceeding challenging the denial of the six grievances. Respondents filed an answer and petitioner filed a reply. Supreme Court thereafter dismissed the petition, finding, among other things, that the grievance restriction and extensions thereof had a rational basis. Petitioner appeals.[FN2]
During the pendency of this appeal, petitioner was released to parole supervision on January 26, 2022.
Accordingly, as petitioner is no longer aggrieved by the grievance restrictions and the denial of his grievances, his appeal from the dismissal of his petition is now moot (see Matter of Waters v Central Off. Review Comm. of the Dept. of Corr. & Community Supervision, 142 AD3d 1204, 1204 [2016]; Matter of Campbell v Fischer, 105 AD3d 1222, 1222 [2013], lv denied 22 NY3d 853 [2013]; Matter of McCants v Le Claire, 14 AD3d 736, 736 [2005]; Matter of La Tour v New York State Dept. of Correctional Servs. Cent. Off. Review Comm., 5 AD3d 890, 891 [2004]). Further, we do not find that this matter falls within the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; cf. Matter of Gonzalez v Annucci, 32 NY3d 461, 470 [2018]).
Garry, P.J., Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.

Footnotes

Footnote 1: The record is unclear whether one of the grievances, No. WB-17974-19, which was denied by the Superintendent of Woodbourne Correctional Facility, was reviewed by the Central Office Review Committee.

Footnote 2: By subsequent letter of June 18, 2021, the grievance restriction was again extended.