■ In the Matter of EDWIN LAMAGE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [727 NYS2d 347] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

The misbehavior report charging petitioner with fighting, violent conduct and refusing a direct order was sufficiently detailed to give petitioner adequate notice of the charges and to permit him to prepare a defense (*see, Matter of Green v Senkowski*, 276 AD2d 1006). In addition, the misbehavior report and testimony of its author provide substantial evidence to support the determination finding petitioner guilty of the charges (*see, Matter of Rossi v Portuondo*, 277 AD2d 615, *lv denied* 96 NY2d 706), and petitioner's contrary version of the incident created a question of credibility for the Hearing Officer to resolve (*see, Matter of Arias v Goord*, 274 AD2d 807). Although the Hearing Officer had no obligation to call witnesses not requested by petitioner (*see, Matter of Faison v Stinson*, 221 AD2d 746), he nevertheless had the authority to do so (*see,*

*e.g., Matter of Collazo v Coombe*, 235 AD2d 654; *Matter of Lindsay v Coughlin*, 211 AD2d 920), particularly where, as here, the author of the misbehavior report was called to provide further details of the incident after petitioner questioned the sufficiency of the report. Petitioner's remaining claims, including Hearing Officer bias, have been examined and are without merit.

Cardona, P. J., Mercure, Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.