■ In the Matter of PATRICK BARCLAY, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [785 NYS2d 725]—

Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in two separate misbehavior reports with violating various prison disciplinary rules. The first, dated November 20, 2002, charged petitioner with disturbing the order of the facility, refusing a direct order, verbally interfering with and harassing correction officers and violating facility movement regulations. The charges stemmed from an incident wherein petitioner attempted to leave his cell with certain materials that he was not allowed to take with him to religious services. Following a tier III disciplinary hearing, petitioner was found guilty of all charges except the facility movement violation and a penalty was imposed. The second report, dated November 21, 2002, charged petitioner with refusing a direct order, verbally interfering with an employee and refusing to comply with search/frisk procedures. Following a tier II disciplinary hearing, petitioner was found guilty of refusing a direct order and not guilty of the remaining charges and a suspended penalty was imposed. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to challenge the underlying determinations.

Initially, to the extent that this issue is properly before us, we reject petitioner's contention that the underlying misbehavior

reports were not sufficiently detailed to provide him with adequate notice of the charges against him. With regard to the report dated November 20, 2002, we find such report, coupled with the testimony of the authoring correction officers, to be more than adequate to support the determination of guilt. To the extent that petitioner presented a contrary version of the events underlying that incident, such testimony presented a credibility issue for the Hearing Officer to resolve (see Matter of Cummings v Goord, 10 AD3d 748 [2004]). As to petitioner's claim that he was improperly denied certain witnesses with regard to the November 20, 2002 incident, we cannot agree, as a review of the transcript plainly reveals that the witnesses at issue lacked direct knowledge of the events of that day and, as such, were properly excluded (see Matter of Trammell v Selsky, 10 AD3d 787 [2004]).

Turning to the November 21, 2002 incident, we again conclude that the record as a whole contains substantial evidence of petitioner's guilt. Petitioner's remaining contentions, including his claims that he did not receive fair and impartial hearings and that the transcripts thereof are not sufficiently complete to permit intelligent appellate review, have been examined and found to be lacking in merit.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.