◼ In the Matter of HAMILCAR BARCA, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [797 NYS2d 153]—

Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

In October 2003, correction officers conducted a search of

petitioner's cell, during the course of which one of them discovered a razor-type weapon secreted between the toilet and the cell wall. As a result, petitioner was charged with possession of a weapon and, following a tier III disciplinary hearing, was found guilty as charged. Following an administrative appeal, whereupon the penalty imposed was reduced to 12 months in the Special Housing Unit with a corresponding loss of privileges, petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the underlying determination.

The various arguments raised by petitioner do not warrant extended discussion. Preliminarily, we reject petitioner's contention that the "incident time" noted on the misbehavior report renders that document defective. Despite the perceived discrepancy between the incident time noted on the misbehavior report and other documents in the record, it nonetheless is readily apparent from a review of the record that the misbehavior report at issue was sufficiently detailed to apprise petitioner of the underlying charge and enable him to prepare a defense (*see Matter of Alba v Goord*, 6 AD3d 847, 848 [2004]). We similarly are persuaded that such report, coupled with the testimony adduced at the disciplinary hearing, constituted substantial evidence to support the determination of guilt.

We also reject petitioner's claim of hearing officer bias. The mere fact that the Hearing Officer warned petitioner that his continued disruption of the disciplinary hearing would result in his removal therefrom does not demonstrate that the Hearing Officer was biased or that the determination of guilt flowed from any alleged bias (*see Matter of Brown v Goord*, 11 AD3d 857, 858 [2004]; *Matter of Bernier v Goord*, 3 AD3d 746, 748 [2004]). Petitioner's remaining contentions, including his assertion that he was denied the right to call certain witnesses and that the modified penalty imposed was excessive, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.