■ In the Matter of Shawn Williams, Petitioner, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [805 NYS2d 438]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was in the main recreation yard with approximately 300 other inmates when a correction officer observed him fighting with another inmate and making stabbing motions over the inmate's head. When petitioner ignored the correction officer's order to stop fighting, he was taken down in a body hold and placed in mechanical restraints. A weapon resembling an ice

pick was later recovered. As a result of this incident, petitioner was charged in a misbehavior report with refusing a direct order, possessing a weapon, engaging in violent conduct, assaulting another inmate and creating a disturbance. He was found guilty of all charges following a tier III disciplinary hearing. Upon administrative appeal, the determination of guilt was upheld but the penalty was modified. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and use of force report, together with the testimony of the correction officer who prepared them and witnessed petitioner engaged in the fight, constitute substantial evidence supporting the determination of guilt (*see Matter of Bernier v Goord*, 3 AD3d 803, 803 [2004]; *see also Matter of Dowdy v Goord*, 2 AD3d 1249, 1250 [2003]). Petitioner's claim that it was a case of mistaken identity and that he was not depicted on the videotape of the incident presented a credibility issue for the Hearing Officer to resolve (*see e.g. Matter of Carter v Goord*, 8 AD3d 771, 772 [2004]; *Matter of Brown v Selsky*, 5 AD3d 905, 906 [2004]). In addition, we reject petitioner's assertions regarding claimed deficiencies in the misbehavior report inasmuch as it was sufficiently detailed to provide him with notice of the charges so as to enable him to prepare a defense (*see Matter of Lamage v Goord*, 285 AD2d 724, 724 [2001], *appeal dismissed* 97 NY2d 639 [2001]; *Matter of Quintana v Selsky*, 268 AD2d 624, 625 [2000]). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.