■ In the Matter of CESAR A. RAMIREZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [818 NYS2d 867]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Green Haven Correctional Facility in Dutchess County, was charged in a misbehavior report with violating various prison disciplinary rules stemming from his threat to sabotage another inmate's court proceeding unless a specified amount of money was paid to petitioner's wife. Petitioner pleaded guilty with an explanation to providing unauthorized legal assistance and, at the conclusion of a tier III disciplinary hearing, was found guilty of extortion and making threats. That determination was affirmed on administrative appeal, prompting this CPLR article 78 proceeding.

We confirm. Petitioner's plea of guilty with an explanation to providing unauthorized legal assistance precludes him from challenging that part of the determination of guilt (*see Matter of Carini v Selsky*, 19 AD3d 718, 718-719 [2005]; *Matter of Towles v Selsky*, 12 AD3d 737, 738 [2004], *lv denied* 4 NY3d 706 [2005]), and the misbehavior report and related documentation provided substantial evidence supporting the portion of the determination finding petitioner guilty of extortion and making threats (*see Matter of Daum v Goord*, 27 AD3d 858, 859 [2006]; *Matter of Cooper v Selsky*, 9 AD3d 763, 764 [2004]). To the extent that petitioner offered a contrary version at the hearing, resolution of such credibility issues are for the Hearing Officer (*see Matter of Suggs v Miller*, 22 AD3d 910, 910-911 [2005]; *Matter of Barclay v New York State Dept. of Correctional Servs.*, 13 AD3d 743, 744 [2004], *lv denied* 4 NY3d 705 [2005]). Finally, we reject petitioner's assertions regarding alleged deficiencies in the misbehavior report inasmuch as it is readily apparent that the report was sufficiently detailed to apprise him of the underlying charges so as to enable him to prepare a defense (*see Matter of Williams v Goord*, 23 AD3d 972, 973 [2005]; *Matter of Barca v Goord*, 19 AD3d 772, 773 [2005], *lv denied* 5 NY3d 710 [2005]).

Petitioner's remaining assertions, including his claim that he was improperly precluded from presenting certain evidence at the hearing, have been considered and found to be without merit.

Cardona, P.J., Mercure, Spain, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.