■ In the Matter of KHALIFAH ABDUL-KHALIQ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [822 NYS2d 742]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding to challenge respondent's determination which found him guilty of violating the prison disciplinary rules that prohibit assaulting other inmates, engaging in violent conduct and disobeying a direct order. The misbehavior report and the supporting documentation, together with the witness testimony, provide substantial evidence of petitioner's guilt and, thus, the determination will not be disturbed (*see Matter of Williams v Goord*, 23 AD3d 972, 973 [2005]; *Matter of Rosario v Goord*, 12 AD3d 758, 759 [2004]). Contrary to petitioner's contention, the misbehavior report was sufficiently detailed to provide him with notice of the charges and to enable him to prepare a defense (*see Matter of Ramirez v Goord*, 32 AD3d 601, 601 [2006]; *Matter of Wigfall v Goord*, 16 AD3d 791, 792 [2005]). Finally, any error on the part of the Hearing Officer in denying petitioner access to the medical records of the other inmates involved in the altercation is harmless in view of the overwhelming evidence of petitioner's guilt and the fact that the medical records were not relied upon

by the Hearing Officer in making his determination (*see Matter of Huggins v Goord*, 28 AD3d 891, 891-892 [2006]; *Matter of Cody v Goord*, 17 AD3d 943, 944 [2005]; *Matter of Moore v Goord*, 255 AD2d 640, 641 [1998], *lv denied* 93 NY2d 802 [1999]).

Petitioner's remaining contentions, including his claim of hearing officer bias, have been reviewed and determined to be without merit.

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.