■ In the Matter of LAUREL K. WILCOX, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [881 NYS2d 555]—

Spain, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged in a misbehavior report with possession of a weapon, possession of a tool without authorization and possession of an article in a prohibited area after a correction officer searched her backpack and discovered a pair of scissors that had been taken from the prison chapel, where petitioner worked. Although the latter two charges were dismissed following a tier III disciplinary hearing, petitioner was found guilty of possessing a weapon and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting her to commence this CPLR article 78 proceeding to challenge respondent's determination.

We confirm. Contrary to petitioner's assertion, the misbehavior report and testimony adduced at the hearing provide substantial evidence of petitioner's guilt (*see Matter of Lopez v Selsky*, 28 AD3d 968, 968 [2006]). Indeed, petitioner acknowledged that the scissors were found in her backpack and admitted that she was permitted to enter the chapel's sacristy, where the scissors were kept. The prison chaplain, meanwhile, specifically recalled that petitioner had access to the sacristy on the morning her backpack was searched. Although petitioner denied taking the scissors and insisted that another inmate who also

worked in the chapel planted them in her backpack, such a claim presented a credibility issue for the Hearing Officer to resolve (*see Matter of Fews v Goord*, 54 AD3d 1073, 1074 [2008]).

Petitioner's contention that she was denied due process by the Hearing Officer's refusal to order a fingerprint analysis on the scissors is similarly unavailing. The absence of petitioner's fingerprints on the scissors would be insufficient to defeat the inference of possession established by the fact that they were found in petitioner's backpack (*see Matter of Carter v Goord*, 45 AD3d 1077, 1078 [2007]; *Matter of Vaughn v Selsky*, 276 AD2d 958, 959 [2000], *lv dismissed* 96 NY2d 753 [2001]). Further, given petitioner's concession that the inmate she alleges to have planted the scissors had likely used the scissors in the past, the presence of that inmate's fingerprints on the scissors would be inconclusive proof as to whether she planted them in petitioner's backpack (*see Matter of Vaughn v Selsky*, 276 AD2d at 959). Petitioner's remaining assertion, to the extent that it is properly before us, has been reviewed and is determined to be without merit.

Kane, Malone Jr., Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.