■ In the Matter of Scott Irwin, Petitioner, v Brian Fischer, as Commissioner of Correctional Services, Respondent. [925 NYS2d 256]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with assault,

violent conduct, refusing a direct order, interference with an employee, possession of a weapon and failing to comply with search procedures. The charges stemmed from an incident where petitioner was spotted by a correction officer taking something out of another inmate's cell. The officer directed petitioner to place his hands against the wall in order to conduct a pat frisk when petitioner instead reached into his front pocket. As the officer attempted to grab petitioner's arm, petitioner punched the officer in the head. A scuffle ensued and a sharpened 6½-inch metal object was observed falling out of petitioner's pocket. At a tier III disciplinary hearing, petitioner was found guilty as charged. This determination was upheld on administrative appeal, prompting this CPLR article 78 proceeding.

We confirm. The misbehavior report, the testimony of its author, the unusual incident report and the use of force report provide substantial evidence to support the finding of guilt on all charges (see Matter of Amaker v Selsky, 43 AD3d 547, 547 [2007], lv denied 9 NY3d 814 [2007]; Matter of Williams v Goord, 36 AD3d 1033, 1033 [2007]). The confidential testimony of a representative of the mental health unit was submitted for our review (see Matter of Laureano v Kuhlmann, 144 AD2d 834, 835-836 [1988]), and we find that the Hearing Officer properly considered petitioner's mental health status based upon this testimony (see Matter of Bridgeforth v Fischer, 69 AD3d 1068, 1069 [2010]). We reject petitioner's contention that he was denied due process by the failure of the Hearing Officer to submit the weapon to fingerprint analysis. The absence of petitioner's fingerprints on the weapon would not defeat the inference of possession established by the fact that the weapon was observed falling out of his pocket (see Matter of Wilcox v Fischer, 63 AD3d 1494, 1495 [2009]; Matter of Vaughn v Selsky, 276 AD2d 958, 958-959 [2000], appeal dismissed 96 NY2d 753 [2001]). As information regarding the injuries to the correction officer was contained in other documents in the record, any error by the Hearing Officer in not providing petitioner with a photograph of the injuries was harmless (see Matter of Rolon v Goord, 30 AD3d 946, 947 [2006]; Matter of Brown v Goord, 300 AD2d 777 [2002]).

We find the 30-month penalty initially imposed troubling in light of petitioner's submissions documenting the psychological effects of long-term disciplinary lockdown, noting that this penalty also significantly exceeded the maximum confinement established in disposition guidelines issued by the Department of Correctional Services. However, as the penalty was later

substantially reduced (*compare Matter of Barca v Goord*, 19 AD3d 772, 772-773 [2005], *lv denied* 5 NY3d 710 [2005]; *Matter of Durland v Selsky*, 232 AD2d 796, 796 [1996]), and respondent's records reveal that petitioner was in fact placed in specialized mental health housing units (*see generally Matter of Huggins v Coughlin*, 155 AD2d 844 [1989], *affd* 76 NY2d 904 [1990]), petitioner's claim that the original penalty was excessive need not be addressed.

Spain, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.