In the Matter of DESMOND FRANCIS, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [966 NYS2d 616]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

When petitioner was asked by a correction officer during a random frisk what he had in his mouth, petitioner opened his mouth and the officer observed an unidentified object almost fall out. Petitioner then closed his mouth and attempted to run away, whereupon the officer wrapped his arms around petitioner's waist and forcibly brought him to the ground. Other offi-

cers assisted in gaining control of petitioner, who was resisting despite several orders to stop. Petitioner was eventually placed in mechanical restraints and, when he opened his mouth as directed, the object was no longer there. After being examined at the infirmary, he was placed on a contraband watch. As a result of this incident, petitioner was charged in a misbehavior report with engaging in violent conduct, violating frisk procedures, creating a disturbance and refusing a direct order.

A few days after the incident, petitioner had an X ray which showed a foreign object in his internal chest and abdomen area. Petitioner admitted to a correction officer that the object was an exacto-blade wrapped in a sheath. The following day, he was X-rayed again and the object was gone. Petitioner told the officer that he had put the blade in his feed-up tray to dispose of it, after apparently expelling it. As a result, he was charged in a second misbehavior report with possessing a weapon and interfering with an employee.

Two separate tier III disciplinary hearings were conducted with respect to the charges contained in each of the misbehavior reports. At the conclusion of these hearings, separate determinations were rendered finding petitioner guilty of all of the charges. Both of these determinations were affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. Contrary to petitioner's claim, we find that the first misbehavior report contained sufficiently detailed information concerning the charges of engaging in violent conduct and creating a disturbance to enable petitioner to prepare an adequate defense (*see Matter of Abdul-Khaliq v Goord*, 34 AD3d 872, 872 [2006]; *Matter of Williams v Goord*, 23 AD3d 972, 973 [2005]). Moreover, we find that this misbehavior report and related documentation, together with the testimony of the officer who prepared the report, provide substantial evidence supporting the determination of guilt with respect to these charges (*see Matter of Moreno v Fischer*, 100 AD3d 1167, 1167 [2012]; *Matter of Cornelius v Fischer*, 98 AD3d 779, 780 [2012]).* With regard to the charges contained in the second misbehavior report, petitioner argues that correction officials failed to follow the proper protocol for conducting a radiological detection search, in violation of his due process rights. Petitioner, however, failed to preserve this claim as he did not raise it either at the second

---

\* Petitioner pleaded guilty to the remaining charges contained in the first misbehavior report and does not contest the findings of guilt as to these charges in this proceeding, nor could he (*see Matter of McCain v Fischer*, 104 AD3d 1009, 1009 [2013]).

disciplinary hearing or in his administrative appeal (*see Matter of Shorter v Prack*, 100 AD3d 1178, 1179 [2012]; *Matter of Boggs v Martuscello*, 84 AD3d 1667, 1668 [2011]). Therefore, we find no reason to disturb this determination.

Peter, P.J., Spain, Garry and Egan Jr., JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.