Matter of Kendricks v Annucci (2022 NY Slip Op 04682)

Matter of Kendricks v Annucci

2022 NY Slip Op 04682

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

533949
[*1]In the Matter of Robert Kendricks, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:June 17, 2022

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Robert Kendricks, Sonyea, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with, as relevant here,[FN1] violating mess hall procedures, creating a disturbance, attempting to assault an officer and engaging in violent conduct. According to the report, petitioner was observed improperly reentering the food line in the mess hall, after which he was counseled on proper mess hall procedures. Petitioner then became loud and argumentative, and, while being escorted back to his housing unit, petitioner was again counseled on proper procedures. Petitioner, however, continued to be argumentative and became more violent in his tone and mannerisms and ultimately turned toward the escorting officer in an aggressive stance with his hands clenched in fists, prompting the use of force. Following a tier III hearing, petitioner was found guilty as charged. That determination, in relevant part, was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. Initially, and contrary to petitioner's claim, the misbehavior report contained sufficiently detailed information to enable petitioner to prepare an adequate defense (see Matter of Singleton v Fischer, 115 AD3d 1101, 1102 [2014], lv denied 24 NY3d 902 [2014]; Matter of Francis v Prack, 107 AD3d 1192, 1193 [2013]). In addition, substantial evidence, in the form of the misbehavior report and hearing testimony, supports the determination of guilt (see Matter of Snyder v Annucci, 188 AD3d 1346, 1347 [2020]; Matter of Cosme v New York State Dept. of Corr. & Community Supervision, 168 AD3d 1327, 1328 [2019]; Matter of Williams v Kirkpatrick, 153 AD3d 996, 996 [2017]). Petitioner's exculpatory testimony presented a credibility issue for the Hearing Officer to resolve (see Matter of Verdi v Collado, 200 AD3d 1379, 1380 [2021]). Petitioner's remaining procedural contentions, to the extent that they are properly before us, have been considered and found to be without merit.
Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Petitioner was also charged in the misbehavior report with violating other rules, but those charges were ultimately dismissed upon administrative review with no change to the penalty imposed.