■ In the Matter of JERMAINE COLEMAN, Petitioner, v GLENN S. GOORD, as Commissioner of State Department of Correctional Services, Respondent. [704 NYS2d 669] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of violating a

prison disciplinary rule prohibiting inmates from possessing weapons after a search of his cell revealed a blade-type weapon attached to a string located between petitioner's headboard and a wall divider. We reject petitioner's assertion that since the misbehavior report stated the wrong location of where the weapon was found, petitioner did not have adequate detail to provide him notice of the charge (*see, Matter of Morris v Selsky*, 264 AD2d 925). The record reveals that petitioner was aware that the wrong location was stated in the report and that the Hearing Officer called the correction officer who authored the report to testify to the mistake. In our view, the detailed misbehavior report and testimony by the correction officer who authored the report provide substantial evidence supporting the determination of petitioner's guilt (*see, Matter of Gauthier v Goord*, 266 AD2d 855; *Matter of Vasquez v Goord*, 263 AD2d 819). Although petitioner denies that the weapon was his and asserts that other inmates had access to the area, it was attached to a string easily accessible to petitioner. Under these circumstances, petitioner has failed to defeat the inference of possession (*see, Matter of Vasquez v Goord, supra*). Petitioner's contention that he had no knowledge of the weapon presented an issue of credibility for the Hearing Officer to resolve (*see, Matter of Gauthier v Goord, supra*).

Peters, J. P., Spain, Carpinello, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.