■ In the Matter of KELVIT BURGESS, Petitioner, v DONALD SELSKY, as Director of the Inmate Disciplinary Program/Special Housing Unit, et al., Respondents. [706 NYS2d 363] —Mugglin, J.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule prohibiting use of controlled substances. Petitioner's guilt was affirmed upon his administrative appeal, prompting him to commence this CPLR article 78 proceeding challenging, *inter alia*, the sufficiency of the evidence adduced against him. Respondents then brought a preanswer motion to dismiss claiming that the petition failed to state a cause of action upon which relief may be granted. Rather than deciding this motion, Supreme Court noted the substantial evidence issue in the petition and transferred the proceeding to this Court.

In our view, this proceeding must be remitted to Supreme Court for disposition of respondents' CPLR 3211 motion. Pursuant to CPLR 7804 (g), where a substantial evidence issue is raised, Supreme Court is first required to dispose of such other objections as could terminate the proceeding (*see, Matter of Save Easton Envt. v Marsh*, 213 AD2d 961, 962), which includes objections raised in a motion to dismiss the petition (*see,* CPLR 7804 [f]). Thus, Supreme Court erred in failing to resolve the motion prior to transferring the proceeding to this Court (*see, Matter of Save Easton Envt. v Marsh, supra,* at 963). Upon receipt of this motion, Supreme Court is required to either grant the motion and dismiss the petition or, in the event the motion is denied, "permit [respondents] to answer, upon such terms as may be just" (CPLR 7804 [f]).

Cardona, P. J., Mercure, Peters and Graffeo, JJ., concur. Adjudged that the petition is remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision, without costs.