■ In the Matter of JOHN PICA, Petitioner, v DONALD SELSKY, as Director of the New York State Inmate Disciplinary Program, et al., Respondents. [711 NYS2d 215] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule prohibiting inmates from possessing weapons. The misbehavior report related that on February 15, 1999, a correction officer performing an inspection of the catwalk area behind petitioner's cell noticed an object protruding from the drain pipe of petitioner's toilet. The object was ultimately recovered from the pipe and determined to be a plastic bag containing a razor-type weapon.

Petitioner challenges the determination on the ground that it was not supported by substantial evidence. We disagree. The detailed misbehavior report, combined with the testimony of the correction officers involved, as well as the facility plumber, provided substantial evidence of petitioner's guilt (*see, Matter of Bristow v Selsky*, 267 AD2d 534; *Matter of Tarbell v Goord*, 263 AD2d 563). Petitioner's assertion that he did not possess the weapon raised an issue of credibility for the Hearing Officer to resolve (*see, Matter of Coleman v Goord*, 269 AD2d 717).

We are similarly unpersuaded by petitioner's contention that he was denied relevant documentary evidence, i.e., a copy of the institutional search schedule, in light of the hearing testimony that the correction officers did not need authorization to inspect the catwalk area (*see, Matter of Rowlett v Coombe*, 242 AD2d 798). We also reject petitioner's claim that the Hearing Officer improperly denied his request to recall and reexamine the facility plumber inasmuch as petitioner was accorded a full opportunity to examine the plumber and further testimony from that witness would have been redundant or irrelevant (*see, Matter of Gill v Selsky*, 240 AD2d 831; *Matter of Drayton v Coughlin*, 182 AD2d 928). We are similarly unpersuaded that the Hearing Officer erred in failing to fill out a form stating the basis for the denial of this witness inasmuch as the plumber was, in fact, permitted to testify during the hearing (*see*, 7 NYCRR 254.5).

Petitioner's claim that the Hearing Officer improperly refused to inspect the area where the weapon was found is belied by the record which indicates that she offered to view the scene and petitioner requested that his assistant view it instead. Finally, we are not persuaded that petitioner was denied his right to an impartial Hearing Officer. Notably, adverse evidentiary rulings do not of themselves support a finding of bias (*see, Matter of Williams v Goord*, 242 AD2d 842).

Cardona, P. J., Crew III, Spain and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.