■ In the Matter of LARRY PORTER, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [748 NYS2d 531] —Appeal from a judgment of the Supreme Court (Hemmett, Jr., J.), entered December 12, 2000 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting assault on staff stemming from his conduct of kicking a correction officer while being removed from his cell. Petitioner's subsequent review pursuant to CPLR article

---

78 was dismissed by Supreme Court, prompting this appeal. Notwithstanding petitioner's assertion to the contrary, a review of the record establishes that petitioner received all the documents to which he was entitled. Although the Hearing Officer denied petitioner's request for various documents, the record reveals that petitioner failed to establish why the documents would be relevant to the pending charge (*see Matter of Dabney v Murphy*, 278 AD2d 714).

Next, we reject petitioner's contention of Hearing Officer bias. Despite the fact that petitioner was restrained during the hearing for safety reasons and that he was later excluded from the final portion of the hearing due to his disruptive conduct, the record demonstrates that the hearing was conducted in a fair and impartial manner (*see Matter of Webb v Goord*, 269 AD2d 641). Petitioner's remaining contentions, to the extent that they are preserved for our review, have been found to be without merit.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.