■ In the Matter of RODOLFO TAYLOR, Petitioner, v LIEUTENANT KATZ, as Hearing Officer at Woodbourne Correctional Facility, Respondent. [773 NYS2d 915]—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review two determinations of the Superintendent of Woodbourne Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging an August 28, 2002 disciplinary determination finding him guilty of fighting and creating a disturbance. After being served with a copy of the petition, the Attorney General received an "addendum and affidavit" challenging another disciplinary determination of December 16, 2002 which found petitioner guilty of smuggling and other related charges. Because petitioner raised issues of substantial evidence, the matter was transferred to this Court.

The Attorney General has advised this Court by letter that the August 28, 2002 disciplinary determination finding petitioner guilty of fighting and creating a disturbance has been administratively reversed and all references expunged from petitioner's institutional record. Accordingly, petitioner's challenge to the August 28, 2002 determination is dismissed, as moot (see Matter of Johnson v Goord, 308 AD2d 621 [2003]).

With respect to the December 16, 2002 disciplinary determination, however, the Attorney General has advised this Court that it inadvertently failed to file either a response to petitioner's challenge to the December 16, 2002 determination or the administrative record and urges this Court to grant leave to file an amended answer. Inasmuch as the record is devoid of any documents pertaining to the December 16, 2002 disciplinary proceeding, thereby precluding this Court from reviewing and addressing petitioner's challenges thereto, and finding that neither party will suffer prejudice from granting leave to amend the answer (see CPLR 3025 [d]), we remit the matter to Supreme Court to permit respondent to serve an answer (see generally Matter of Burgess v Selsky, 270 AD2d 736 [2000]; Matter of Reynoso v Coombe, 241 AD2d 738 [1997]).

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Adjudged that the portion of the petition challenging the August 28, 2002 determination finding petitioner guilty of fighting and creating a disturbance is dismissed, as moot, without costs. Adjudged that the portion of the petition challenging the December 16, 2002 determination is remitted to the Supreme Court, without costs, where respondent will be permitted to serve an amended answer within 20 days of the date of this Court's decision.