■ In the Matter of RENE TOWLES, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [783 NYS2d 431]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review two determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After his net bag was searched and various items were found, including, among other things, manilla folders which had been made into greeting cards through the use of computer generated graphics, petitioner was charged with possessing authorized articles in an unauthorized area, possessing contraband, damaging state property and tampering with state property. In a second misbehavior report, he was charged with possessing contraband and materials describing the construction of explosives after such materials, as well as documentation describing the organization of terrorist groups, biological and chemical warfare and guerilla warfare tactics, were confiscated from his cell. He was found guilty of all of the charges following a tier III disciplinary hearing and the determination was upheld on administrative appeal on October 7, 2002. Petitioner was also charged in a third misbehavior report with damaging state property after certain computer generated graphics used to make greeting cards were found on his computer. He was found guilty of this charge following a tier III disciplinary hearing and this determination was also affirmed on administrative appeal

on October 31, 2002. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging both determinations.

Initially, we note that inasmuch as the determination rendered in connection with the third misbehavior report has since been administratively reversed and expunged from petitioner's institutional record, petitioner's challenge to it is now moot (*see Matter of Taylor v Katz*, 6 AD3d 836, 837 [2004]). Accordingly, we address petitioner's claims only insofar as they pertain to the determination finding him guilty of the charges contained in the first two misbehavior reports. We note that, by pleading guilty with explanation to the charges contained in the first misbehavior report, petitioner is precluded from challenging that portion of the determination finding him guilty of such charges as not supported by substantial evidence (*see Matter of Williams v Selsky*, 282 AD2d 849, 849 [2001]; *Matter of Jones v Goord*, 274 AD2d 902, 903 [2000]). Upon reviewing the record, we find that the second misbehavior report, together with petitioner's own testimony at the hearing, provide substantial evidence supporting the remaining portion of the determination. Given the nature of the confiscated materials, petitioner's assertion that he was authorized to possess them is unpersuasive.

We further find that the Hearing Officer conducted the disciplinary hearing in a fair and impartial manner and that the determination did not flow from any alleged bias (*see Matter of McCorkle v Bennett*, 8 AD3d 918, 919 [2004]; *Matter of Nimmons v Goord*, 7 AD3d 887, 889 [2004]). Petitioner's assertion that he was improperly denied the right to present a character witness has not been preserved for our review inasmuch as he failed to raise an objection at the hearing (*see Matter of Kross v Goord*, 278 AD2d 637, 637 [2000]; *Matter of Kilgore v Goord*, 273 AD2d 695, 696 [2000]).

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the portion of the petition challenging the October 7, 2002 determination is confirmed, without costs, and petition dismissed to that extent.

Adjudged that the portion of the petition challenging the October 31, 2002 determination is dismissed, as moot, without costs.