■ In the Matter of WILFREDO DIAZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [787 NYS2d 919]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged with possession of contraband and possession of a weapon after a search of his cell uncovered an altered toothbrush with a small piece of metal melted onto the end along with a two-inch nail bent at the end. Petitioner pleaded guilty to the charge of possession of contraband and, after the disciplinary hearing, was also found guilty of possession of a weapon. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination.

We confirm. The misbehavior report, together with the nature

of the altered toothbrush and admission by petitioner that he made and possessed the item, provides substantial evidence to support the determination finding him guilty of possession of a weapon (*see Matter of Zhang v Murphy*, 1 AD3d 784, 784-785 [2003]; *Matter of Matthews v Goord*, 275 AD2d 841 [2000]). Although petitioner maintained that the item was only meant to be used as a screwdriver, it was within the discretion of the Hearing Officer to assess petitioner's credibility (*see Matter of Hernandez v Goord*, 295 AD2d 737, 738 [2002], *lv dismissed* 100 NY2d 529 [2003]). Moreover, petitioner's exculpatory explanation for possessing the item does not preclude a finding that the altered item could be classified as a weapon in a prison setting (*see id.* at 738).

We are also unpersuaded by petitioner's contention that he was improperly denied the right to call character witnesses without a written explanation inasmuch as the record establishes that the requested witnesses had no personal knowledge of the incident (*see Matter of Krivoi v Selsky*, 284 AD2d 677, 678 [2001]; *Matter of Bonez v Senkowski*, 265 AD2d 713 [1999]). Petitioner's remaining contentions are unpreserved for our review (*see Matter of Cameron v Goord*, 10 AD3d 795, 796 [2004]).

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.