■ In the Matter of CARMINE CARINI, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [796 NYS2d 193]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in two misbehavior reports with violating various prison disciplinary rules arising out of two separate incidents. The first report arose from an incident in which petitioner was caught physically fighting with another inmate. Petitioner was subsequently charged and pleaded guilty to fighting, guilty with an explanation to refusing a direct order and not guilty to assault on an inmate. Following a tier III disciplinary hearing, petitioner was found guilty of all three charges. On administrative appeal, the assault charge was dismissed on the basis that petitioner was denied his conditional right to witnesses when the inmate witness he requested refused to testify and the Hearing Officer did not make the necessary inquiries as to a reason for the refusal (*see Matter of Colon v Goord*, 245 AD2d 582, 583 [1997]). The remainder of the disposition was otherwise affirmed, but the penalties imposed were substantially reduced in light of the modification.

Now, in the context of this CPLR article 78 proceeding and

with respect to the disposition of that misbehavior report, we note that by pleading guilty and guilty with explanation to the two remaining charges, petitioner is precluded from challenging the sufficiency of the evidence of his guilt as to those charges (*see Matter of Towles v Selsky*, 12 AD3d 737, 738 [2004], *lv denied* 4 NY3d 706 [2005]; *Matter of Alston v Goord*, 4 AD3d 708, 709 n [2004]). To the extent that petitioner maintains that the Hearing Officer's failure to inquire also undermines the two remaining charges to which he pleaded guilty, we disagree. As petitioner did not register an objection to those charges on that basis at the hearing, that issue is not preserved for review (*see Matter of Toledo v Selsky*, 12 AD3d 824, 824 [2004]; *Matter of Blackwell v Goord*, 5 AD3d 883, 885 [2004], *lv denied* 2 NY3d 708 [2004]). In any event, petitioner's admission of guilt with respect to the remaining charges renders any such error harmless (*see Matter of Ruzas v Goord*, 268 AD2d 742, 743 [2000]; *Matter of Maldonado v Selsky*, 257 AD2d 876, 876 [1999]).

The second misbehavior report arose from an incident in which another inmate placed a telephone call to one of petitioner's relatives on petitioner's behalf. Petitioner was charged with exchanging personal identification numbers and found guilty following another tier III disciplinary hearing. The determination was affirmed on administrative appeal.

The misbehavior report, petitioner's phone call log, the transcript of the phone call the other inmate made on petitioner's behalf and the testimony of the reporting correction officer provide substantial evidence to support the determination that petitioner exchanged personal identification numbers in violation of the facility's rules (*see Matter of Velez v McGinnis*, 246 AD2d 942, 942-943 [1998]). We reject petitioner's contention that, because the incident date on the misbehavior report was erroneous, he was unable to prepare a meaningful defense. The reporting correction officer was called as a witness at the hearing to testify as to the mistake and the report otherwise provided petitioner with sufficient detail of the charge against him (*see Matter of Coleman v Goord*, 269 AD2d 717, 718 [2000]; *Matter of Mitchell v Phillips*, 268 AD2d 633, 633 [2000]).

Petitioner's remaining contentions, including the allegation that the two Hearing Officers were biased against him, have been reviewed and found either not preserved for review or without merit.

Cardona, P.J., Crew III, Lahtinen and Kane, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.