■ In the Matter of DONELLE GREEN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [807 NYS2d 192]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review three determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with refusing to double bunk and making threats. Following a tier III disciplinary hearing, petitioner was found guilty of refusing to double bunk but not guilty of making threats, and a penalty of, among other things, six months recommended loss of good time allowance was imposed. On administrative appeal, the determination was modified by reducing the recommended loss of good time allowance to three months, but affirmed in all other respects. In a second misbehavior report, petitioner was again charged with making threats and refusing double bunking. Petitioner was found guilty of both charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. In yet a third misbehavior report, petitioner was charged with making threats, refusing double bunking and refusing a direct order. He was found guilty of all three charges following a tier III disciplinary hearing, however, the determination was modified on administrative appeal by dismissing the charges of refusing a direct order and refusing double bunking. Petitioner thereafter commenced this CPLR article 78 proceeding challenging all three determinations.

It should be noted that the August 31, 2004 determination rendered in connection with the third misbehavior report has been administratively reversed and expunged from petitioner's institutional record. Inasmuch as petitioner has received all the relief to which he is entitled and is no longer aggrieved, the pe-

tition with respect thereto must be dismissed as moot (*see Matter of Towles v Selsky*, 12 AD3d 737, 738 [2004], *lv denied* 4 NY3d 706 [2005]; *Matter of Gibbs v Miller*, 10 AD3d 785, 786 [2004]).

Turning to the merits, we are unpersuaded by petitioner's challenge to the second misbehavior report. Although the Hearing Officer denied petitioner's request to return to his cell in order to retrieve a list of questions that he had written for a potential witness, that witness ultimately was denied on the basis that he was not present at the time of the incident (*see generally Matter of Diaz v Goord*, 14 AD3d 978, 979 [2005], *lv denied* 5 NY3d 701 [2005]). Furthermore, other than indicating that the documents contained questions for the potential witness, petitioner failed to specify the nature of the various documents or how they pertained to his defense (*see Matter of Porter v Goord*, 298 AD2d 723, 724 [2002]).

We have considered petitioner's remaining contentions, including those addressed to the first misbehavior report, and conclude that they are meritless.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the July 27, 2004 and August 17, 2004 determinations are confirmed, without costs, and petition dismissed to that extent. Adjudged that the part of the petition challenging the August 31, 2004 determination is dismissed, as moot, without costs.