■ In the Matter of LEROY HUGGINS, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [813 NYS2d 250]—

Appeal from a judgment of the Supreme Court (McCarthy, J.), entered March 21, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

After a correction officer observed petitioner and another inmate fighting in the kitchen, he ordered them to stop. They refused and petitioner proceeded to strike the officer with a metal serving pan lid. Another officer intervened and petitioner was eventually placed in mechanical restraints. He was subsequently charged in a misbehavior report with refusing a direct order, assaulting an inmate, assaulting staff, fighting, engaging in violent conduct and creating a disturbance. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing. On administrative appeal, the determination was affirmed, but the penalty was modified. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Following joinder of issue, Supreme Court dismissed the petition, resulting in this appeal.

We affirm. Although petitioner contends that he was denied

adequate employee assistance because he was not provided with the medical reports of other inmates, such reports were not relevant to the charges against petitioner and he was provided all the documentation to which he was entitled (*see Matter of Claudio v Selsky,* 4 AD3d 702, 703 [2004]; *Matter of Encarnacion v Goord,* 286 AD2d 828, 829 [2001], *appeal dismissed, lv denied* 97 NY2d 653 [2001], *lv denied* 97 NY2d 606 [2001]). Likewise, we find no error in the hearing officer's refusal to recall the correction sergeant who authored the misbehavior report as petitioner had an opportunity to question him earlier in the hearing and failed to demonstrate that his further testimony would not be redundant (*see Matter of Wai Ng v Goord,* 285 AD2d 791, 792 [2001], *appeal dismissed, lv denied* 97 NY2d 671 [2001]; *Matter of Pica v Selsky,* 274 AD2d 712, 713 [2000]). Furthermore, despite the hearing officer's admonishment of petitioner during various points in the hearing, the record does not establish that the hearing officer was biased or that the determination flowed from such bias (*see Matter of Thomas v Selsky,* 256 AD2d 712, 712 [1998]). We have considered petitioner's remaining claims and find them to be unavailing.

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.