█ In the Matter of MAURICE HALL, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [819 NYS2d 133]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in two misbehavior reports with separate counts of violating the inmate rule prohibiting possession of a weapon after a pen fitted with a razor blade was found in his attaché case and, later, a razor blade was found in his bed frame. Both counts were heard at a single tier III disciplinary hearing, at which time petitioner sought to call a correction sergeant to testify that he had told the sergeant about a purported prior problem that he had had with the two correction officers who found the first weapon in his attaché case. The Hearing Officer denied petitioner's request on the ground that such testimony by the correction sergeant would not be material. At the conclusion of the hearing, petitioner was found guilty

of both counts of possession of a weapon. That determination of guilt was thereafter affirmed on administrative appeal, prompting this CPLR article 78 proceeding.

Preliminarily, we note that the petition asserts a purely procedural issue and does not challenge the determination on substantial evidence grounds. Accordingly, Supreme Court erred in transferring the proceeding to this Court (*see Matter of Vaughn v Selsky*, 276 AD2d 958, 958 [2000], *appeal dismissed* 96 NY2d 753 [2001]; *Matter of Madison v Goord*, 273 AD2d 557, 557 [2000]). Nevertheless, we shall retain jurisdiction and review the merits in the interest of judicial economy (*see Matter of Vaughn v Selsky, supra* at 958; *Matter of Nieves v Goord*, 262 AD2d 1042, 1042 [1999]).

Turning to petitioner's sole argument on the merits, we are not persuaded that it was error to refuse to allow him to call the correction sergeant as a witness. Although petitioner now argues that he requested the sergeant's testimony to show that the correction officers involved in the first misbehavior report set him up and did so in retaliation for his complaint about them, he did not inform the Hearing Officer that this was the purpose of his request. Rather, when asked to explain its relevancy, petitioner stated only that the sergeant's testimony would prove that he had reported an earlier problem with these officers. This response failed to sufficiently specify how the sergeant's testimony would aid a defense to the charges (*see Matter of Green v Goord*, 24 AD3d 1141, 1142 [2005]). In addition, the record is clear that the sergeant was not present when the weapons were confiscated and had no personal knowledge of the underlying events (*see Matter of Brown v Goord*, 11 AD3d 857, 858 [2004]; *Matter of Pulliam v Waite*, 8 AD3d 841, 841 [2004]). Thus, the sergeant's testimony was properly deemed irrelevant (*see Matter of Orr v Selsky*, 290 AD2d 768, 769 [2002]). In any event, petitioner related what he had told the sergeant about his prior contact with the officers and then failed to avail himself of the opportunity to question those officers as to their alleged retaliation or any bias they might have. Thus, the Hearing Officer was free to reject petitioner's account as a basis for a retaliation defense (*see Matter of Thomas v Selsky*, 23 AD3d 868, 869 [2005]; *Matter of Brown v Goord, supra* at 858).

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.