■ In the Matter of ANGEL E. ROLON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [819 NYS2d 119]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

During a search of petitioner's cell, officers found a notebook containing the names of several staff members, a broken mirror glued inside the notebook, one roll of black electrical tape and a broken toothbrush handle. When one of the officers announced that he was going to show the notebook to a sergeant, petitioner struck the officer in the face, breaking his glasses, and attempted to take the notebook. Other officers assisted in gaining control of petitioner and mechanical restraints were applied. He was subsequently charged in two misbehavior reports with assaulting staff, failing to comply with frisk procedures, damaging state property, engaging in violent conduct, possessing an altered item and possessing contraband. Following a tier III disciplinary hearing, which was conducted as a rehearing after petitioner was transferred to Southport Correctional Facility in Chemung County, petitioner was found guilty of all charges except damaging state property. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.*

We confirm. Initially, we do not find that the determination should be annulled because petitioner was denied certain documentary evidence at the hearing. While the Hearing Officer erred in failing to provide petitioner with medical records pertaining to injuries suffered by correction officers involved in the incident, such error was harmless given that the injuries were adequately identified in the unusual incident report provided to petitioner (*see Matter of Brown v Goord*, 300 AD2d 777 [2002]). As for the medical records and photographs relating to his own injuries, petitioner was not prejudiced by the absence of these documents after a nurse who had access to them testified at the hearing. Furthermore, petitioner was not prejudiced in his defense by the absence of the confiscated notebook in light of his own testimony regarding the contents thereof (*see e.g. Matter of Branch v Selsky*, 298 AD2d 744, 745 [2002]).

---

* Although the petition arguably raised an issue of substantial evidence, as found by Supreme Court, petitioner has abandoned any such claim and confines the arguments in his brief to procedural matters (*see Matter of Quezada v Goord*, 19 AD3d 964, 965 n [2005]).

Similarly, we find no merit to petitioner's assertion that the Hearing Officer failed to properly assess the reliability of the confidential informant whose tip precipitated the cell search inasmuch as the determination of guilt did not depend upon the credibility of the informant (see Matter of Moore v Rabideau, 250 AD2d 1008, 1009 [1998]). In addition, the record does not substantiate petitioner's claim that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Boyd v Goord, 18 AD3d 1078, 1079 [2005]). We have considered his remaining contentions and find them to be unavailing.

Cardona, P.J., Mercure, Spain, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.