■ In the Matter of DWAYNE MOSS, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [825 NYS2d 843]—

Appeal from a judgment of the Supreme Court (O'Brien, III, J.), entered February 1, 2006 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner was found guilty of failure to comply with urinalysis testing, refusing a direct order and interference with an employee. Upon his administrative appeal, the determination was affirmed with a modified penalty. Petitioner's subsequent application for review under CPLR article 78 was dismissed by Supreme Court, and this appeal ensued.

We affirm. Although petitioner contends that he was denied effective employee assistance because the assistant failed to explain the charge of interfering with an employee, the record demonstrates that the assistant provided him with a copy of the rule, and the Hearing Officer also explained the charge to him at the hearing. In any event, petitioner has failed to demonstrate that the alleged inadequacy prejudiced his defense (*see Matter of Salaam v Goord*, 8 AD3d 776, 777 [2004]; *Matter of Smith v Selsky*, 294 AD2d 629, 630 [2002]). Moreover, the record does not establish that the Hearing Officer was biased or had predetermined petitioner's guilt, or that the determination flowed from such alleged bias (*see Matter of Huggins v Goord*, 28 AD3d 891, 892 [2006]; *Matter of Miller v Goord*, 2 AD3d 928, 930 [2003]). Likewise, the record discloses that the Hearing Officer properly denied petitioner's request to call the Governor and the facility superintendent as witnesses, as neither had personal knowledge of the incident which was the subject of the misbehavior report and, therefore, their testimony would have been irrelevant (*see Matter of Diaz v Goord*, 14 AD3d 978, 979 [2005], *lv denied* 5 NY3d 701 [2005]; *Matter of Johnson v Goord*, 297 AD2d 881, 882 [2002]). Petitioner's remaining contentions, including his claim that the urinalysis test was used to harass and intimidate him, have been reviewed and found to be without merit.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.