■ In the Matter of CHRISTOPHER D. EDWARDS, Petitioner, v DALE ARTIS, as Superintendent of Clinton Correctional Facility, et al., Respondents. [849 NYS2d 736]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

At the conclusion of a tier III disciplinary hearing, petitioner was found guilty of making a threat in violation of the prison disciplinary rules. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.*

We confirm. Initially, petitioner's claim that the hearing was not completed in a timely manner is unavailing inasmuch as extensions to complete the hearing were sought and granted (*see Matter of McKinley v Goord*, 44 AD3d 1164, 1164 [2007]; *Matter of Davis v Goord*, 34 AD3d 1027, 1028 [2006]). In any event, absent a showing of substantial prejudice as a result of the delay, the regulatory time limits are construed as discretionary, rather than mandatory (*see Matter of Van Gorder v New York State Dept. of Correctional Servs.*, 42 AD3d 834, 835 [2007]; *Matter of Frazier v Artus*, 40 AD3d 1288, 1288 [2007]). Finally, the Hearing Officer's denial of petitioner's requested witnesses was not improper because those individuals did not witness the incident and, therefore, could not provide testimony relevant to the charge (*see Matter of Parkinson v Selsky*, 45 AD3d 1079, 1080 [2007]; *Matter of Hannah v Burge*, 43 AD3d 1234 [2007]).

Petitioner's remaining contentions have been reviewed and determined to be without merit.

Cardona, P.J., Mercure, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* While petitioner arguably raised the issue of substantial evidence in his petition and the proceeding was transferred on that basis, petitioner did not raise this claim in his brief and, thus, it has been abandoned (*see Matter of Rolon v Goord*, 30 AD3d 946, 947 n [2006]).