▬ In the Matter of JAMES BAXTON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [856 NYS2d 494]—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner was found guilty of unauthorized exchange and possession of an authorized item in an unauthorized area. That determination was affirmed upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.*

We confirm. The Hearing Officer did not err in denying petitioner's request to inspect a particular document, as petitioner failed to explain how that document pertained to his defense (*see Matter of Green v Goord*, 24 AD3d 1141, 1142 [2005]; *Matter of Porter v Goord*, 298 AD2d 723, 724 [2002]). Petitioner's allegation of hearing officer bias is not preserved and, in any event, is not persuasive (*see Matter of Holmes v Brown*, 43 AD3d 1234, 1235 [2007], *lv denied* 9 NY3d 815 [2007]; *Matter of Torres v Coombe*, 234 AD2d 710, 710 [1996]).

Peters, J.P., Rose, Kane, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Although the petition raised the issue of substantial evidence and the proceeding was transferred to this Court on that basis, petitioner has abandoned that issue by failing to raise it in his brief (*see Matter of Edwards v Artis*, 47 AD3d 1175, 1176 n [2008]).