Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.
During a facility mail watch, a correction officer confiscated three letters written by petitioner that contained prohibited organization-related references. As a result, petitioner was charged in a misbehavior report with possessing unauthorized organizational materials and violating facility correspondence rules. He was found guilty of the charges following a tier III disciplinary hearing. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding.
We confirm. The misbehavior report, together with testimony of the correction officer who wrote it as well as the actual letters written by petitioner, support the determination of guilt (see Matter of Malloy v Goord, 50 AD3d 1431 [20081; Matter of Velez v Goord, 262 AD2d 906 [1999]). Petitioner admitted to *830 writing the letters. The letters violated facility correspondence rules in that they contained material specifically intended for other inmates and expressly requested the addressee to forward the material, and the absence of specific references to a prohibited organization does not undermine the sufficiency of the evidence supporting the determination given the testimony of the correction officer who was well versed in identifying the terminology of prohibited organizations (see Matter of Sweat v Fischer, 52 AD3d 1142, 1142 [2008]). Moreover, we find no error in the Hearing Officer’s denial of petitioner’s request to have respondent Superintendent of Upstate Correctional Facility testify at the hearing inasmuch as he merely authorized the mail watch, and his testimony was irrelevant to the charges at issue (see Matter of Moss v Goord, 36 AD3d 977, 978 [2007]; Matter of Flenon v Goord, 24 AD3d 912, 913 [2005], lv denied 6 NY3d 710 [2006]). Lastly, there is no indication in the record that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Sweet v Poole, 48 AD3d 867, 868 [2008]).
Mercure, J.E, Spain, Carpinello, Lahtinen and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.