■ In the Matter of EUGENE PEREZ, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [879 NYS2d 232]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner was found guilty of making threats against another inmate. That determination was affirmed upon administrative appeal and this CPLR article 78 proceeding ensued.*

Petitioner's lone contention is that he was denied due process when the Hearing Officer denied his request to call as a witness the officer who locked the prisoners in their cells on the day of the alleged incident. Initially, we note that, inasmuch as petitioner failed to raise this argument in his administrative appeal, it is unpreserved for our review (*see Matter of Gibson v Fischer*, 56 AD3d 916, 916 [2008]; *Matter of Davis v Burge*, 55 AD3d 1162, 1162 [2008]). In any event, were we to reach the merits of petitioner's claim, we would find it unavailing. Inasmuch as the record demonstrates that the duty of locking prisoners in their cells on the day in question was a random assignment that could have been performed by one of nearly 50 officers on duty, we find that petitioner failed to provide sufficient information to identify the witness he sought and, thus, we cannot say that the Hearing Officer failed to use reasonable efforts to secure the witness (*see Matter of Davila v Selsky*, 48 AD3d 846, 847 [2008]; *Matter of Callender v Selsky*, 41 AD3d 1065, 1066 [2007]).

Cardona, P.J., Peters, Kane, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Petitioner arguably raised the issue of substantial evidence in his petition and the proceeding was transferred to this Court on that basis, but has abandoned that issue by failing to raise it in his brief (*see Matter of Baxton v Goord*, 51 AD3d 1230, 1230 n [2008]).