■ In the Matter of TERRY THOMPSON, Petitioner, v TIM VO-TRAW, as Acting Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [885 NYS2d 431]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner and another inmate were involved in a physical altercation during which the other inmate allegedly attacked petitioner with a wooden handle and petitioner retaliated by striking the inmate with the wooden handle as well as with a metal bar. Following this incident, petitioner was charged in a misbehavior report with fighting, possessing a weapon and assaulting another inmate. The next day, after receiving a tip from a confidential informant that petitioner had used a 12-inch metal bar to assault the other inmate, a correction officer searched petitioner's cell and found a piece of metal fitting that description on the ground outside of petitioner's cell window. As a result, petitioner was charged in a second misbehavior report with possessing a weapon, namely, the metal bar. A tier III disciplinary hearing on both misbehavior reports was subsequently conducted. At the conclusion of the hearing, petitioner was found guilty of assaulting an inmate and possessing the metal bar, but not guilty of the other charges. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior reports, documentary evidence and testimony adduced at the hearing support the determination finding petitioner guilty of the charges at issue (*see Matter of Belot v Selsky*, 56 AD3d 911, 912 [2008]; *Matter of Peana v Fischer*, 54 AD3d 1126, 1126-1127 [2008]). We find no merit to petitioner's assertion that he was improperly denied the right to call two witnesses at the hearing inasmuch as they did not have personal knowledge of the pertinent facts underlying the incident and their testimony would have been irrelevant to the charges (*see Matter of Lee v Goord*, 36 AD3d 1176, 1177 [2007]; *Matter of Moss v Goord*, 36 AD3d 977, 978 [2007]). Contrary to petitioner's claim, the hearing was not completed in an untimely manner. The record discloses that valid extensions to complete the hearing beyond the 14-day time period set forth in 7 NYCRR 251-5.1 (b) were obtained (*see Matter of Sanders v Goord*, 47 AD3d 987, 988 [2008]), and that the hearing was actually concluded before the date set forth in the last extension. The fact that some of the extension requests were not made before the hour of the expiration of the previous request does not

render them invalid (*see Matter of Porter v Goord*, 6 AD3d 1013, 1014 [2004], *lv denied* 3 NY3d 602 [2004]). Lastly, the record does not support petitioner's claim that the Hearing Officer was biased and there is no indication that the determination at issue flowed from any alleged bias (*see Matter of Barclay v Goord*, 23 AD3d 862, 863 [2005], *lv denied* 6 NY3d 705, 710 [2006]). Therefore, we find no reason to disturb the determination of guilt.

Mercure, J.P., Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.