■ In the Matter of SIDNEY HAYES, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [897 NYS2d 523]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

As part of an investigation by correction officers into alleged involvement by petitioner in gambling, extortion and gang-related activity, a search was conducted of petitioner's cube. The search resulted in the discovery of a six-inch sharpened metal rod taped to the underside of petitioner's locker. Petitioner was thereafter charged in a misbehavior report with possessing a weapon. Following a tier III disciplinary hearing, petitioner was found guilty and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the hearing testimony and the confidential testimony considered by the

Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (*see Matter of Smith v Fischer*, 64 AD3d 1061, 1061-1062 [2009], *lv denied* 13 NY3d 712 [2009]; *Matter of Samuel v Fischer*, 53 AD3d 960, 960 [2008]). Petitioner's claim that the weapon was planted in his cube created a credibility issue for the Hearing Officer to resolve (*see Matter of Muller v Fischer*, 62 AD3d 1191, 1191 [2009]).

Next, we are unpersuaded by petitioner's contention that he was denied the right to have two inmates testify at his hearing. Although petitioner argues in this proceeding that the inmates could have witnessed the weapon being planted, he did not inform the Hearing Officer that this was the claimed purpose of their testimony. Accordingly, he failed to demonstrate at the hearing how the requested testimony would have been relevant to the charge against him, and the refusal was not erroneous (*see Matter of Hall v Goord*, 30 AD3d 921, 922 [2006], *lv denied* 7 NY3d 713 [2006]). We are also unconvinced by petitioner's contention that he was improperly denied certain correction officers as witnesses inasmuch as the requested witnesses did not have personal knowledge of the facts giving rise to the charge (*see Matter of Thompson v Votraw*, 65 AD3d 1403, 1404 [2009]; *Matter of Lee v Goord*, 36 AD3d 1176, 1177 [2007]).

Finally, we are unpersuaded that certain remarks made by the Hearing Officer in the course of the hearing indicated a predetermination of guilt regarding the charge of possession of a weapon (*see Matter of Morgan v Goord*, 10 AD3d 792, 793 [2004]; *Matter of McClean v Coombe*, 242 AD2d 846, 847 [1997]). Our review of the record reveals that the Hearing Officer investigated petitioner's claim that the weapon was planted, and the determination of guilt flowed from the evidence presented and not from any alleged bias or predetermination by the Hearing Officer (*see Matter of Harris v Fletcher*, 30 AD3d 948, 948-949 [2006]; *Matter of Canzater-Smith v Selsky*, 28 AD3d 899, 900 [2006]).

Petitioner's remaining claims have been considered and found to be lacking in merit.

Cardona, P.J., Mercure, Spain, Lahtinen and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.