■ In the Matter of RICHARD SUNDAY IFILL, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [901 NYS2d 723]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County)

to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, who is confined to a wheelchair, refused to comply with a correction officer's directive to put his hands through the hatch in his cell door to allow the officer to remove his handcuffs. After he became belligerent, it was necessary for correction officers to use force to regain control of him. As a result of this incident, petitioner was charged in a misbehavior report with refusing a direct order and interfering with an employee. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. Initially, we find no merit to petitioner's claim that the disciplinary hearing was not conducted in a timely manner.* The record discloses that although more than 14 days elapsed between the writing of the misbehavior report and the conclusion of the hearing (see 7 NYCRR 251-5.1 [b]), appropriate extensions were obtained and the hearing was completed within the alloted time frame (see Matter of Thompson v Votraw, 65 AD3d 1403, 1404 [2009]; Matter of Harrison v Votraw, 56 AD3d 868 [2008]). Additionally, petitioner's claim of hearing officer bias has not been preserved for our review due to his failure to raise it in his administrative appeal (see Matter of Quinones v Fischer, 55 AD3d 1200, 1200-1201 [2008]; Matter of Britt v Fischer, 54 AD3d 1087 [2008]). His remaining contentions are without merit and, consequently, we find no reason to disturb the determination of guilt.

Cardona, P.J., Mercure, Spain, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* We note that, although petitioner arguably raised a question of substantial evidence in his verified petition, which resulted in the transfer of the proceeding to this Court, he has abandoned this issue by not raising it in his brief (see Matter of Perez v Fischer, 62 AD3d 1104, 1105 n [2009]; Matter of Baxton v Goord, 51 AD3d 1230 n [2008]).