■ In the Matter of MICHAEL KIRSHTEIN, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [915 NYS2d 329]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

During an investigation into drug activity at Coxsackie Correctional Facility in Greene County, investigators monitored petitioner's telephone calls and determined that he had arranged with a visitor to smuggle drugs into the facility. When the visitor arrived, she was questioned by investigators and, ultimately, surrendered a number of balloons which had been secreted in her body and appeared to contain heroin and marihuana. As a result, petitioner was served with a misbehavior report charging him with conspiracy to smuggle drugs, smuggling, abuse of telephone privileges and violation of visiting procedures. A tier III disciplinary hearing ensued, after which petitioner was found guilty of all charges. That determination was upheld on administrative review, with a reduction in the penalty assessed. Petitioner thereafter commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, hearing testimony of the investigators, photographs and myriad supporting documentation provide substantial evidence to support the determination of guilt (see Matter of Brown v Bezio, 76 AD3d 741, 742 [2010]; Matter of Haynes v Bezio, 73 AD3d 1295, 1296 [2010]). Contrary to petitioner's contention, the lead investigator established, through her testimony and written reports, that petitioner used the facility telephone to arrange for drugs to be smuggled into the facility and that petitioner's visitor came to the facility and surrendered multiple items that had been secreted in her vagina and anus. Further, while the record is unclear regarding whether petitioner received the proper drug testing documentation, we note that such documentation is unnecessary to substantiate smuggling and conspiracy charges (see Matter of Quartieri v New York State Dept. of Correctional Servs., 70 AD3d 1071, 1072 [2010]; Matter of James v Fischer, 57 AD3d 1064, 1065 [2008]). With regard to the misbehavior report, we find that it was sufficiently detailed to apprise petitioner of the charges against him and enable him to prepare a defense (see Matter of Arriaga v Smith, 70 AD3d 1160, 1160 [2010]; Matter of Linares v Fischer, 59 AD3d 761 [2009], lv denied 12 NY3d 709 [2009]).

Turning to petitioner's procedural contentions, the appropriate extensions were requested and received and the hearing was completed within the allotted time (see Matter of Ifill v Fischer,

72 AD3d 1367, 1368 [2010]; *Matter of Thompson v Votraw*, 65 AD3d 1403, 1404 [2009]). Our review of the record does not demonstrate that petitioner received inadequate assistance or that he was denied the opportunity to call witnesses or present documentary evidence. In particular, we find that the Hearing Officer properly allowed investigators not to answer petitioner's questions regarding the search and arrest of his visitor, inasmuch as it bore no relevance to the charges for which he was ultimately found guilty (*see Matter of Covington v Smith*, 75 AD3d 708, 708 [2010]). Lastly, the record establishes that the determination resulted from the voluminous evidence presented against petitioner, rather than any claimed hearing officer bias (*see Matter of Ortiz v Fischer*, 75 AD3d 1042, 1043 [2010]).

We have examined petitioner's remaining arguments and find them to be either unpreserved or unpersuasive.

Mercure, J.P., Rose, Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.