■ In the Matter of HAMILCAR BARCA, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [915 NYS2d 392]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

When petitioner, a prison inmate, was observed picking up an unknown object, he was escorted into a common room by a correction officer who ordered him to submit to a pat frisk. During the frisk, petitioner spun and struck the officer in the eye with his right fist, after which petitioner was subdued without further incident. As a result, petitioner was served with a misbehavior report charging him with assaulting staff and failing to comply with frisk procedures and, following a tier III disciplinary hearing, was found guilty of both charges. That determination was upheld on administrative appeal with a modification to the penalty assessed, after which petitioner commenced this CPLR article 78 proceeding.*

We confirm. Contrary to his assertion, petitioner was not denied his right to call witnesses. The Hearing Officer did not err in denying petitioner's request to call prison staff from another facility, inasmuch as he essentially sought their testimony as character witnesses (*see Matter of Rivera v Selsky*, 43 AD3d 1210 [2007]) and/or to establish that he had an ongoing conflict with the correction officer involved in the incident, a fact already established by the testimony of other witnesses (*see Mat-*

---

* Although this proceeding appears to have been improperly transferred inasmuch as petitioner did not raise the issue of substantial evidence in his petition, in the interest of judicial economy we will retain jurisdiction and address the merits of the petition (*see Matter of Dalrymple v Fischer*, 65 AD3d 725, 725 n [2009]; *Matter of Burgess v Selsky*, 50 AD3d 1347, 1348 [2008]).

*ter of Hernandez v Bezio*, 73 AD3d 1406, 1407 [2010]; *Matter of Abreu v Bezio*, 71 AD3d 1341, 1342 [2010], *appeal dismissed* 15 NY3d 836 [2010]). Similarly, petitioner's request to call inmates residing in other facilities was properly denied because he sought their testimony to establish such conflict with the subject correction officer. Petitioner's claim that the Hearing Officer failed to make a meaningful effort to determine why inmates Griffin, Sanders and Lopez refused to testify is without merit, inasmuch as there is no evidence that those inmates ever agreed to testify, and the record contains witness refusal forms indicating that they had no knowledge of the incident (*see Matter of McFadden v Venettozzi*, 65 AD3d 1401, 1402 [2009]; *Matter of Hill v Selsky*, 19 AD3d 64, 66-67 [2005]).

We also reject petitioner's claim that the determination should be annulled due to inadequate employee assistance. That claim is premised on the fact that, although the assistant interviewed many of the inmates on the block and all of those who petitioner sought specifically, she did not interview 18 inmates who were not in their cells when she sought to interview them. Even if the failure to interview those inmates rendered the assistance inadequate, petitioner has failed to show how it prejudiced his defense, in light of his admission that there were no witnesses to the incident involving the charged conduct (*see Matter of Cornwall v Fischer*, 73 AD3d 1367 [2010]; *Matter of Moss v Goord*, 36 AD3d 977, 978 [2007]).

Our review of the record demonstrates that the determination of guilt resulted from the evidence presented at the hearing rather than any alleged hearing officer bias (*see Matter of Hamilton v Bezio*, 76 AD3d 1125, 1126 [2010]; *Matter of Reese v Bezio*, 75 AD3d 1029, 1030 [2010]). Finally, we reject petitioner's challenge to the severity of the penalty, as it is not so shocking to one's sense of fairness as to be excessive, particularly given the serious nature of the offense (*see Matter of Smiton v New York State Dept. of Correctional Servs.*, 70 AD3d 1148, 1150 [2010]; *Matter of Quartieri v New York State Dept. of Correctional Servs.*, 70 AD3d 1071, 1072 [2010]).

Petitioner's remaining claims, to the extent not specifically addressed herein, have been examined and found to be either without merit or unpreserved.

Cardona, P.J., Peters, Rose, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.