◼ In the Matter of MICHAEL FLOURNOY, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [923 NYS2d 304]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review four determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding to challenge four tier III prison disciplinary determinations that were affirmed upon administrative appeal. With respect to the first determination, the Hearing Officer properly denied petitioner's request to call character witnesses who had no personal knowledge of the incident in question (*see Matter of Barca v Fischer*, 80 AD3d 1038, 1038-1039 [2011], *lv denied* 16 NY3d 711 [2011]; *Matter of Diaz v Goord*, 14 AD3d 978, 979 [2005], *lv denied* 5 NY3d 701 [2005]). Moreover, the correction officer who authored the misbehavior report testified that, while she was conducting a head count, petitioner attempted to engage her in conversation in disregard of her order to get dressed. Substantial evidence accordingly exists for the determination finding petitioner guilty of refusing a direct order and delaying the count (*see Matter of Wahhab v Fischer*, 77 AD3d 996, 997 [2010]).

Petitioner was moved to the special housing unit following the above incident, and the second determination stems from a plastic fork and spoon found among his effects during that move. As respondents concede, the determination must be modified to annul so much thereof that found petitioner guilty of stealing state property, although remittal is not required given that he has already served the penalties imposed, which did not include the loss of good time (*see Matter of Hernandez v Fischer*, 79 AD3d 1544, 1545 [2010], *lv denied* 16 NY3d 710 [2011]). To the extent that petitioner was further found guilty of failing to properly dispose of mess hall plasticware, the misbehavior report and hearing testimony constitute substantial evidence to support that finding.

Petitioner was also found guilty in the third determination of possessing gang-related material. The seized material, together with the misbehavior report and the testimony of a specially trained correction sergeant who identified hand gestures and a statement in the material as gang-related, provide substantial evidence of petitioner's guilt (*see Matter of Delos Santos v Goord*, 4 AD3d 709, 710 [2004]).

Finally, the fourth determination found petitioner guilty of exchanging his personal identification number after unidentified inmates used it to call his wife. Petitioner denied providing this number to anyone, but admittedly gave his wife's telephone number to other inmates, and the Hearing Officer was free to reject his protestations of innocence regarding his personal identification number (*see Matter of Carini v Selsky*, 19 AD3d 718, 719 [2005]; *Matter of Velez v McGinnis*, 246 AD2d 942, 942-943 [1998]).

Petitioner's remaining contentions have been considered and rejected.

Mercure, J.P., Peters, Spain, Kavanagh and Stein, JJ., concur. Adjudged that the determination dated February 12, 2010 finding petitioner guilty of stealing state property and improperly disposing of mess hall plasticware is modified, without costs, by annulling so much thereof as found petitioner guilty of stealing state property; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed. Adjudged that the remaining determinations dated February 12, 2010, February 17, 2010 and February 24, 2010 are confirmed, without costs, and petition dismissed to that extent.