Matter of Townsend v Noeth (2019 NY Slip Op 01867)





Matter of Townsend v Noeth


2019 NY Slip Op 01867


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

526733

[*1]In the Matter of KEVIN TOWNSEND, Petitioner,
v
JOSEPH NOETH, as Superintendent of Attica Correctional Facility, et al., Respondents.

Calendar Date: February 8, 2019

Before: Garry, P.J., Lynch, Mulvey, Devine and Rumsey, JJ.


Kevin Townsend, Alden, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
During a populated prison yard fight, a correction officer observed petitioner making slashing motions towards, and exchanging closed-fist punches with, another inmate. After several direct orders to stop fighting were ignored, force was used to quell the altercation. A razor-type weapon was subsequently recovered in the area, and it was discovered that the inmate with whom petitioner was fighting had sustained injuries consistent with being cut with a weapon. As a result of this incident, petitioner was charged in a misbehavior report with fighting, engaging in violent conduct, creating a disturbance, refusing a direct order and possessing a weapon. Following a tier III disciplinary hearing, petitioner was found guilty of the charges, and, upon administrative appeal, the determination was affirmed. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, hearing testimony, documentary evidence submitted for in camera review and video footage of the fight provide substantial evidence to support the determination (see Matter of Jones v Annucci, 166 AD3d 1174, 1175 [2018]; Matter of Rivera v Annucci, 160 AD3d 1273, 1273 [2018]; Matter of Sanchez v Goord, 300 AD2d 956, 956 [2002]). Although no one observed petitioner with a weapon in his hand, a correction officer testified that he did observe petitioner making slashing motions towards the victim (see Matter of Watson v Fischer, 108 AD3d 1006, 1007 [2013]; Matter of Gourdine v Goord, 18 AD3d 1045, 1045 [2005]). Further, petitioner's contention that he did not possess the weapon is belied by the discovery of the razor-type weapon in the area of the incident and the documented injuries of the [*2]other inmate (see Matter of Thomas v Goord, 34 AD3d 1143, 1144 [2006]; Matter of Sanchez v Goord, 300 AD2d at 956). In any event, petitioner's claim that he did not possess the weapon that was found at the location of the incident raised a credibility issue for the Hearing Officer to resolve (see Matter of Tavarez v Annucci, 134 AD3d 1374, 1375 [2015]; Matter of Pica v Selsky, 274 AD2d 712, 713 [2000]). We have considered petitioner's remaining procedural claims, including his contention that he received inadequate employee assistance, and, to the extent that they are preserved for our review, find that they are without merit.
Garry, P.J., Lynch, Mulvey, Devine and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.